637 So.2d 123 (1994)
L.S. ALLEN
v.
The CITY OF SHREVEPORT.
No. 93-C-2928.
Supreme Court of Louisiana.
May 23, 1994.
*124 Joseph R. Gilsoul, Kenneth P. Haines, Shreveport, for applicant.
Jerald N. Jones, Lydia M. Rhodes, Shreveport, for respondent.
WATSON, Justice.[1]
This worker's compensation case presents two issues: (1) the effect of early retirement *125 benefits on supplemental earnings benefits (SEBs) under LSA-R.S. 23:1221(3)(d)(iii); and (2) penalties and attorney's fees.

FACTS
Plaintiff, L.S. Allen, a City of Shreveport employee, suffered a hernia during employment on October 1, 1986. As a result of the hernia and surgical complications, Allen is restricted to sedentary activity. The trial court decided that plaintiff was physically capable of returning to his former job, "Chief Supervisor Buildings," City of Shreveport. Because that position was abolished, the employment was not offered, tendered or available. Since he could not return to his former job, Allen took early retirement from the City (age 55, 20 years employment). He also took a minimum wage job. The trial court limited his supplemental earnings benefits to 104 weeks. LSA-R.S. 23:1221(3)(d)(iii).[2] The trial court found the City's rejection of plaintiff's claim for those benefits unjustified and awarded attorney's fees of $3,000 plus 12 percent penalties.
Both plaintiff Allen and the City appealed from the trial court judgment. The court of appeal reversed the trial court and dismissed Allen's suit. Allen v. City of Shreveport, 595 So.2d 340 (La.App.2d Cir.1992). This court granted a writ of certiorari, reversed and remanded. 618 So.2d 386 (La.1993). Because plaintiff's former job was no longer available and his disability prevented him from earning 90 percent of his preinjury wages, the employer was required to prove availability of other employment. Because the employer did not meet that burden, Allen was entitled to supplemental earnings benefits. The case was remanded to the court of appeal to decide the amount and duration of benefits and the question of penalties and attorney's fees.
On remand, the court of appeal concluded that one "retires" under LSA-R.S. 23:1221(3)(d)(iii) when one leaves the employment where the injury occurred. Therefore, SEBs were limited to 104 weeks. Allen v. City of Shreveport, 626 So.2d 854 (La.App.2d Cir.1993). The Second Circuit expressly refused to follow Breaux v. Travelers Insurance Co., 526 So.2d 284 (La.App. 3d Cir. 1988), which decided that a person is not retired under the statute until permanently withdrawn from the work force.
The court of appeal declined to award penalties and attorney's fees, reasoning that the claimant was unemployed due to a depressed labor market rather than his injury, citing Babineaux v. Brown & Root, Inc., 543 So.2d 946 (La.App. 5th Cir.1989), writ not considered, 548 So.2d 1221 (La.1989), and Miller v. Great Southern Oil & Gas Co., Inc., 503 So.2d 679 (La.App. 3d Cir.1987), writ denied, 505 So.2d 1144 (La.1987).
A writ was granted to resolve the conflict in the courts of appeal on the meaning of the word "retires". 634 So.2d 365 (La.1994).
Allen was born on October 6, 1934. He commenced receiving benefits from the employees' retirement system of the City of Shreveport on October 6, 1989, at the age of 55. The Breaux opinion pointed out that the reference in the statute to receiving old age social security benefits is specific but the word "retires" is ambiguous.
The legislative intention in the employment of this term is not clear or precise. Ordinarily, a person is considered "retired" when he has permanently withdrawn from business or the work force. In today's society it is not unusual for an individual to *126 take early retirement from one employment and thereafter engage in a completely different type of employment.... typical example being the retired teacher or ex-member of the military who takes early retirement and begins a second career. 526 So.2d at 290.
This Court cited Breaux in Pinkins v. Cardinal Wholesale Supply, 619 So.2d 52 (La. 1993), for its liberal interpretation of the compensation law. Also see, Smith v. Louisiana Department of Corrections, 633 So.2d 129 (La.1994).
The City of Shreveport relies on the Florida Supreme Court's opinion in Sasso v. Ram Property Management, 452 So.2d 932 (Fla. 1984), appeal dismissed, 469 U.S. 1030, 105 S.Ct. 498, 83 L.Ed.2d 391 (1984). Sasso upheld Florida's policy of terminating wage loss benefits at the age of 65. Sasso did not deal with early retirement. The Florida age limitation is a clear and specific mandate and reflects the common understanding that 65 is the age of retirement. To say that a person 55 years of age is retired and no longer an eligible member of the work force is a different matter.
The Social Security Act defines retirement age as from 65 to 67 years of age, while early retirement age is 60 or 62. 42 U.S.C. § 416(l). Since eligibility for social security old age benefits can be delayed until age 70, a person could retire at an earlier age under the Louisiana statute ("whichever comes first"). For those under 65, federal law provides an offset between federal social security disability, old age benefits and state or local worker's compensation. 42 U.S.C. § 424a. The statute was attacked for arbitrary discrimination between disabled employees receiving worker's compensation and those receiving compensation from private insurance or from tort claim awards. The United States Supreme Court upheld the constitutionality of the offset. Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971).
The Social Security Act makes it clear that early retirement and retirement are two different things. Allen could not return to his former job with the City of Shreveport and therefore elected to take early retirement benefits due him at age 55 because of 20 years service. If Allen had accepted retirement benefits in lieu of returning to his former job, he would be retired and not entitled to SEBs. However, he accepted early retirement benefits only because his former job was not available to him.
Many states have reverse offset provisions which shift costs to the federal government, reducing state worker's compensation benefits by the amount of federal social security benefits. See 4 Larson, Worker's Compensation Law, § 97.35(a), pp. 18-32 (1993). Other states have upheld the constitutionality of reverse offset provisions. See, for example, Harris v. State, Dept. of Labor and Ind., 120 Wash.2d 461, 843 P.2d 1056 (1993). Harris upheld a Washington statute which reduced compensation payments to those over 65 by the amount of any social security retirement benefits. Claimant Harris was 75 years old.
Cousins v. City of New Orleans, 608 So.2d 978 (La.1992), distinguished between disability retirement benefits and tenure-based retirement benefits. See also Matthews v. City of Alexandria, 592 So.2d 1285 (La.1992). Cousins stated that tenure-based retirement benefits do not reduce compensation benefits under LSA-R.S. 23:1225. Also see Domingue v. Hartford Ins. Co., 568 So.2d 221 (La.App. 3d Cir.1990), writ denied, 571 So.2d 654 (La.1990); McKenzie v. City of Bossier City, 585 So.2d 1229 (La.App.2d Cir. 1991); and Vallery v. Dept. of Health and Hospitals, 605 So.2d 1380 (La.App. 3d Cir. 1992), writ denied, 609 So.2d 225 (La.1992).
While a person could retire before reaching the age of 65 by withdrawing from the work force, claimant Allen has not retired. As of trial, he was working approximately 40 hours a week at minimum wage. Therefore, he was not retired by reason of age or disability.
In keeping with the liberal interpretation appropriate for the Worker's Compensation Act, we conclude that a worker retires under LSA-R.S. 23:1221(3)(d)(iii) when: (1) the worker withdraws from the *127 work force; or (2) the worker draws old age social security benefits, whichever comes first.
Allen's treating physician, Dr. Phillip Osborne, approved Allen's return to light duty at a sedentary job on March 15, 1989. In deposition, Dr. Osborne stated that Allen has a five percent total body impairment. He also suffers from high blood pressure and personality problems, which combine with his physical disability to reduce his employment opportunities.
This Court's original opinion stated: "plaintiff on this record was injured on a job of long standing that paid him $12.62 per hour, is partially disabled because of his employment injury, and is presently unable, at least partially because of the disability, to earn 90 percent of the wages he was earning at the time of his injury. He is therefore entitled to supplemental earnings benefits." 618 So.2d at 389. General economic conditions affect plaintiff's inability to earn 90 percent of his preinjury wages. However, that is a factor in any worker's earning capacity. Pinkins v. Cardinal Wholesale Supply, 619 So.2d 52 (La.1993). The employer City has not shown that Allen is earning less than he is able to earn. Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989).
Babineaux v. Brown & Root, Inc., 543 So.2d 946 (La.App. 5th Cir.1989), writ not considered, 548 So.2d 1221 (La.1989), held that plaintiff had no physical impairment after a knee injury. Babineaux was released to full duty status with no restrictions. Thus, Babineaux's inability to earn comparable wages was due entirely to a depressed labor market.
Miller v. Great Southern Oil & Gas Co., Inc., 503 So.2d 679 (La.App. 3d Cir.1987), also involved an employee who had a full medical release to return to work but could not find employment. Both Babineaux and Miller were employees with no employment restrictions, and the court of appeal erred in relying on those inapposite cases.
Allen has a definite physical impairment and other problems, which combine with the labor market to prevent his reemployment. As this Court held in its prior opinion, Allen is unable to earn 90 percent of the wages he was receiving when he was injured.
Both the hearing officer and the trial court correctly found that Allen was entitled to supplemental earnings benefits for a minimum of 104 weeks. There was a legitimate dispute about benefits beyond 104 weeks, but the City advanced no reason for its failure to pay the minimum 104 weeks of benefits. Therefore, the penalties and attorney's fees assessed by the trial court are reinstated on 104 weeks of supplemental earnings benefits.
Plaintiff is entitled to receive supplemental earnings benefits, not to exceed 520 weeks, until he withdraws from the work force or commences drawing old age social security benefits. However, no penalties are due on the payments of supplemental earnings benefits beyond 104 weeks.
Because plaintiff's attorney has been required to brief and argue twice in the court of appeal and twice in this Court, further attorney's fees are appropriate. The case will be remanded for the trial court to fix those fees.
For the foregoing reasons, the judgment of the court of appeal is reversed. The judgment of the trial court is reinstated and amended to award further supplemental earnings benefits of $247.13 per week until Allen withdraws from the work force or commences drawing old age social security benefits, not to exceed 520 weeks. The case is remanded to the trial court for assessment of further attorney's fees.
REVERSED AND REMANDED.
NOTES
[1] Pursuant to Rule IV, Part 2, § 3, Marvin, C.J., Court of Appeal, Second Circuit, sitting pro tempore for Dennis, J., was recused and was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).
[2] (d) The right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:

* * * * * *
(iii) When the employee retires or begins to receive old age insurance benefits under Title II of the Social Security Act, whichever comes first; however, the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks.