651 So.2d 306 (1995)
Wayne ATTAWAY, Plaintiff-Appellee,
v.
CITY OF NATCHITOCHES, Defendant-Appellant.
No. 94-813.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1995.
*307 Jeffrey Howerton Thomas, Natchitoches, for Wayne Attaway.
Christopher Richard Philipp, Lafayette, for City of Natchitoches.
Before WOODARD, DECUIR and PETERS, JJ.
DECUIR, Judge.
The plaintiff, Wayne Attaway, was employed as a fireman for the City of Natchitoches from 1959 until his retirement some 32 years later on June 30, 1991. Mr. Attaway suffered a heart attack on November 11, 1991, and subsequently underwent bypass surgery, after which time he apparently developed lung problems caused by the bypass surgery. Plaintiff subsequently underwent a repair of a bilateral pneumothorax and decompression of a chronic emphysematous bleb. Plaintiff sought worker's compensation benefits claiming his heart and lung conditions were related to his employment as a fireman. The hearing officer awarded temporary total disability benefits from November 12, 1991, until April 30, 1992, and thereafter supplemental earnings benefits. The City of Natchitoches appeals contending that the hearing officer erred: (1) in affording plaintiff the benefit of the presumption set forth in La.R.S. 33:2581 when the plaintiff was no longer an "employee" within the meaning of the statute at the time of his heart attack; (2) in awarding supplemental earnings benefits where the claimant was retired at the time of his heart attack; (3) in placing the burden of proof upon defendant instead of the plaintiff to prove entitlement to supplemental earnings benefits; and (4) in the alternative, in failing to limit the award of supplemental earnings benefits to a period of 104 weeks pursuant to La.R.S. 23:1221(3)(d)(iii).
In its first assignment of error, defendant contends that plaintiff is not entitled to the benefit of the presumption set forth in La.R.S. 33:2581 where plaintiff was retired at the time of his heart attack and where the ailment complained of did not prompt his retirement. Plaintiff contends he retired due to stress and the lack of stamina to perform his job as a fireman. La.R.S. 33:2581 provides as follows:
Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment. (emphasis added)
Our reading of the statute does not exclude retirees as long as the disease develops during the period of employment. Whether the disease developed during the period of employment is a question of fact, and the hearing officer's findings in this regard will not be disturbed in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find no manifest error on the part of the hearing officer. Medical evidence submitted reflects that although the heart disease did not manifest itself until the heart attack in November 1991, the plaintiff's heart disease developed over a period of years and the heart disease was related to plaintiff's occupation. Dr. Charles Cook, plaintiff's family physician, corroborated plaintiff's testimony that prior to his heart attack he suffered from stress and tension associated with his job as a fireman. Dr. Oscar J. Bienvenu, Jr., the cardiologist who diagnosed plaintiff's condition on November 11, 1991, as an acute anterior myocardial infarction, testified that stress and tension may be the bottom common denominator for all of the rest of the risk factors of heart *308 disease. Dr. Bienvenu is of the opinion that plaintiff's life, including his being a fireman and the stress of his occupation, contributed to plaintiff's heart attack.
Our review of the record evidence further leads this court to conclude that defendant failed in its burden to rebut the presumption by evidence tending to disprove that plaintiff's heart disease developed during his period of employment and was caused or resulted from the nature of his occupation as a fireman. See Turner v. Turner, 455 So.2d 1374 (La.1984). Dr. Herbert Master performed a heart catheterization and bypass surgery on the plaintiff. Defendant called Dr. Master as its expert in support of its position that plaintiff's heart disease developed after his retirement and that the heart disease is not associated with his employment. However, Dr. Master's testimony does not exclude the possibility that plaintiff's disease developed over a period of years and does not clearly establish that plaintiff's employment had nothing to do with the development of his heart disease which was the cause of his subsequent heart attack. Applying the manifest error standard, we find no error on the part of the hearing officer in this regard. Defendant does not dispute that plaintiff was temporarily and totally disabled for the time benefits were awarded. We affirm the hearing officer's award of temporary total disability benefits and medical expenses.
Defendant also contends that the plaintiff is not entitled to supplemental earnings benefits where plaintiff was retired and had no interest in earning wages at the time of his heart attack. The record reflects that plaintiff was on sick leave from January 1, 1991, through May of 1991, allegedly due to stress and anxiety. Plaintiff thereafter collected vacation pay from May 1991, until his retirement in June 1991. Mr. Attaway elected the Deferred Retirement Option Program effective November 1, 1989, with the intention of retiring in two years. By his own admission, upon his retirement Mr. Attaway had no intention of looking for another job. He testified that since his heart attack he has not looked for employment and does not intend to do so, despite Dr. Master's opinion that although plaintiff could not return to fighting fires, he could return to normal activities and some form of sedentary type work. We find it is clear from plaintiff's testimony that he elected retirement benefits in lieu of returning to work. Based upon the jurisprudence, since Mr. Attaway withdrew from the work force, he is not entitled to supplemental earnings benefits. Allen v. City of Shreveport, 637 So.2d 123 (La.1994); Breaux v. Travelers Ins. Co., 526 So.2d 284 (La.App. 3d Cir.1988). We therefore reverse the hearing officer's award of supplemental earnings benefits. Because we find that plaintiff is not entitled to SEB, defendant's remaining assignments of error are rendered moot.
For the foregoing reasons, the hearing officer's award of temporary total disability benefits and medical expenses is affirmed and the award for supplemental earnings benefits is reversed. Costs of appeal are assessed one-half to each party.
AFFIRMED IN PART; REVERSED IN PART.