IrPER CURIAM.
Plaintiff was employed as a fireman for over twenty years and suffered numerous work-related back injuries. In December of 1991, plaintiff was again injured when he fell at the scene of a fire. The City initially paid temporary total disability benefits, but terminated benefits after six months based on the belief that plaintiffs back condition was caused by degenerative disc disease rather than a work-related injury.
Plaintiff filed a claim with the Office of Worker’s Compensation, and the hearing officer awarded him supplemental earning benefits (SEBs) and medical expenses, as well as attorney’s fees, penalties, legal interest, and costs. On appeal, the court of appeal sub *239 stantially affirmed the hearing officer, but because plaintiff had “retired” from the fire department on a disability pension, the court held he is entitled to collect SEBs for only 104 weeks pursuant to La.Rev.Stat. 23:1221(3)(d)(iii), which provides:
(d) The right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:
(iii) When the employee retires or begins to receive old age insurance benefits under Title II of the Social Security Act, whichever comes first; however, the period during which supplemental earnings 12benefits may be payable shall not be less than one hundred four weeks.
In Allen v. City of Shreveport, 637 So.2d 123, (La.1994), this court held that an injured worker is “retired” under Section 1221(3)(d)(iii) when the worker either withdraws permanently from the work force. In the present ease, the Office of Worker’s Compensation made no finding as to the retirement issue, and apparently the issue was not litigated in the proceeding that took place prior to the Allen decision. It is therefore appropriate to afford both sides the opportunity to present evidence on the issue of whether plaintiff has permanently withdrawn from the work force.
Accordingly, the application is granted, and the case is remanded to the Office of Worker’s Compensation for further proceedings to determine whether plaintiff has “retired” as defined in Allen, and whether the proper limitation on plaintiffs SEB benefits is 104 or 520 weeks.
VICTORY, J., not on panel.