699 So.2d 482 (1997)
Ward A. BREAUX
v.
The CITY OF NEW ORLEANS.
No. 97-CA-0273.
Court of Appeal of Louisiana, Fourth Circuit.
August 27, 1997.
Rehearing Denied September 15, 1997.
*483 William Ken Hawkins, Robein, Urann & Lurye, Metairie, for Plaintiff/Appellee.
Avis Marie Russell, City Attorney, Milton Osborne, Jr., Deputy City Attorney, Scott P. Shea, Assistant City Attorney, New Orleans, for Defendant/Appellant.
Before CIACCIO, LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
This case involves the application of the Louisiana Heart and Lung Statute, LSA-R.S. 33:2581, which creates a presumption of occupational causation whenever a fireman develops a heart or lung disease during his employment.
Facts
The plaintiff, Ward Breaux, made a claim for worker's compensation supplemental earnings benefits (SEB) under the Heart and Lung Statute, alleging that his Chronic Obstructive Pulmonary Disease (COPD) was compensable under that statute. When the City denied workers' compensation benefits, Breaux filed a complaint with the Office of Workers' Compensation. The workers' compensation judge awarded Mr. Breaux SEB payments in the amount of $1,388.90 per month for the maximum period of 520 weeks; the City appealed. We amend the judgment to limit Mr. Breaux's SEB to 104 weeks. Otherwise, the judgment is affirmed.
At the time Mr. Breaux made his claim for SEB, he had worked for the New Orleans Fire Department for approximately 21 years, from March 4, 1974 to April 11, 1995first as a firefighter, then as an operator, and finally as a captain. Mr. Breaux testified that he fought many fires during his 21 years with the fire department, including numerous fires where he inhaled large quantities of smoke. The City denied Mr. Breaux's claim, arguing that Mr. Breaux's COPD was caused by 30 years of smoking one and a half packages of cigarettes per day, not his employment as a firefighter.
Following a trial on the merits, the workers' compensation judge made the following findings:
1. Claimant sustained a compensable injury, Chronic Obstructive Pulmonary Disease, during the course and scope of his employment as a firefighter of 21 years.
2. Claimant is entitled to all past, present and future medical benefits, connected with his disease/injury.
3. Claimant is physically unable to perform his duties as a firefighter, or earn 90% of his preinjury wages and, the court finds that claimant is not "retired" pursuant to LSA R.S. 23:1221(3)(c)(iii). Therefore, claimant is entitled to Supplemental Earning Benefits not to exceed 520 weeks at a rate of $1,388.90 per month.
4. Defendants were not arbitrary and capricious, as their failure to pay Workers' Compensation benefits was reasonable considering claimant's 30 year abuse of tobacco products, and claimant is therefore not entitled to penalties and attorney fees.

*484 5. Defendants are hereby cast for all cost of these proceedings, including the expert fees of Dr. Ruli of $250.00 and Dr. McClave of $460.00, along with the expenses and cost of depositions taken.
On appeal, the City claims that the worker's compensation judge erred in the following respects: (1) finding that Mr. Breaux met the minimal burden of proof under the Heart and Lung Statute, and (2) finding that Mr. Breaux is entitled to SEB benefits, and (3) failing to find that Mr. Breaux had retired. Mr. Breaux answered the appeal, seeking attorney fees and costs for defending this appeal.
Application of the Heart and Lung Statute
LSA-R.S. 33:2581, which controls this controversy, states as follows:
Any disease or infirmity of the heart and lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.
The City claims that Mr. Breaux failed to meet even his minimal burden of proving that his COPD was caused by his occupation with the fire department. The claimant has "some burden, however minimal," to prove that his lung problem was caused by his job, the City asserts. However, this court has previously held that the Heart and Lung Statute creates a presumption that any heart or lung problem suffered by any member of the fire department is work-related. Pfister v. City of New Orleans, 95-1750 (La.App. 4 Cir. 9/18/96), 681 So.2d 426, 430. Once a worker proves that he suffers from a heart or lung disease, the burden "shifts immediately to the employer to prove a lack of causation between the disease and the employment." Id. This court further explained in Pfister[1] as follows:
"[U]nless affirmative proof is adduced to prove a lack of causation ... the presumption requires that the disabled fireman be entitled to coverage under the Act." The presumption is almost impossible to rebut. The City is put in the difficult position of proving a negative, that the firefighter's... disease could not have resulted from his work.
... The City must prove that fire service "did not precipitate, accelerate, aggravate, or otherwise cause or contribute to" the... condition.
Id. (Citations omitted.)
In the instant case, the two doctors who testified by deposition both indicated that the "primary cause" of Mr. Breaux's lung disease was his smoking habit. However, the defendant's doctor, Dr. Ruli, admitted that fire service might have contributed to the condition. Thus, the City failed to adequately rebut the presumption of occupational causation arising from the statute. The City did not prove that fire service "did not precipitate, accelerate, aggravate, or otherwise cause or contribute to" Mr. Breaux's COPD.
Accordingly, we find no error in the workers' compensation judge's finding that Mr. Breaux suffered a work-related injury, entitling him to rights and benefits available to injured workers under Louisiana law.

Entitlement to SEB
The Louisiana Supreme Court recently set out the standards for proving entitlement to SEB payments under the provisions of LSA-R.S. 23:1221(3) in Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, as follows:

*485 "The purpose of SEBs is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident." An employee is entitled to receive supplemental earnings benefits (SEBs) if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage. Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. "Th[is] analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that workers' compensation is to be liberally construed in favor of coverage."
Id. at 556.
In relation to his ability to work, Mr. Breaux admitted that his doctor had released him to return to work in some limited capacity; however, he stated that no "light duty" work is available in the fire department.[2] Because he was certain that he could not return to his job in the fire department, Mr. Breaux applied for a "work-related disability pension." Moreover, Mr. Breaux stated that every job he had held in his life, prior to the job at the fire department, required physical labor which he is now unable to perform because he quickly becomes short of breath. During his last year at the fire department, he earned approximately $39,000. He stated that he has not been able to find work making at least 90 percent of that amount since his condition was diagnosed; however, he did not testify that he has looked for work. That testimony is sufficient to carry the claimant's burden of proof for entitlement to SEB benefits.
The Banks court continued to explain the employer's burden as follows:
Once the employee's burden is met, the burden shifts to the employer who, in order to defeat the employee's claim for SEBs or establish the employee's earning capacity, must prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer's community or reasonable geographic region. Actual job placement is not required. The amount of SEBs is based upon the difference between the claimant's pre-injury average monthly wage and the claimant's proven post-injury monthly earning capacity.
Id. (Citations omitted.)
In an attempt to overcome the presumption, the City presented Dr. Ruli's testimony that, despite the fact that Mr. Breaux is totally and permanently disabled from firefighting, he "could do most types of office work or work where he's not going to be doing very heavy labor or exposed to any kind of toxic fumes." However, even accepting that testimony as true, the City failed to present any evidence that Mr. Breaux is physically able to perform a certain job which was either offered to Mr. Breaux or available in the community or geographic location, as required by the standard set out above. Id. Accordingly, we find no error in the finding by the workers' compensation judge that Mr. Breaux is entitled to SEB payments.

Retirement
In its third assignment of error, the City claims that Mr. Breaux's SEB payments should be limited to 104 weeks because of his "retirement." Mr. Breaux testified twice that he was retired, and stated that he has no plans to return to work. Under the provisions of LSA-R.S. 23:1221(3)(d)(ii), SEB benefits terminate
When the employee retires or begins to receive old age insurance benefits under Title II of the Social Security Act, whichever comes first; however, the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks.
Because Mr. Breaux is "retired," the City says, the workers' compensation judge erred *486 in awarding him the maximum of 520 weeks of SEB.
At the time Mr. Breaux was diagnosed with lung disease, he was 53 years old. "Retirement" occurs for purposes of SEB entitlement when the worker either "withdraws from the work force" or draws old age social security benefits, whichever comes first. Allen v. City of Shreveport, 93-2928 (La.5/23/94), 637 So.2d 123, 127. Determination of whether an employee has "withdrawn from the work force" for purposes of SEB is based on many factors, including age; the circumstances of each case control. Mason v. Auto Convoy, 27,444 (La.App.2d Cir. 11/1/95), 662 So.2d 843, 846, writ denied, 9-2905 (La.2/2/96), 666 So.2d 1103. Generally, an employee who elects retirement benefits in lieu of returning to work is considered to have retired. Allen, 637 So.2d at 127. This rule also applies if the employee states his intention to not look for another job despite his doctor's opinion he could return to sedentary work. Attaway v. City of Natchitoches,, 94-813 (La.App. 3 Cir. 2/1/95), 651 So.2d 306, 308.
On the other hand, unemployment caused solely by employment injury is not considered "retirement" for purposes of terminating SEB. Margin v. Barthelemy, 93-2224 (La.App. 4 Cir. 5/17/94), 638 So.2d 291, 299, writ denied, 94-2172 (La.11/18/94), 646 So.2d 378. The "retirement" which restricts SEB payments is that based on age or years of service resulting in some type of pension. Id. The term "retirement" connotes "total and permanent withdrawal from the work force." Breaux v. Travelers Insurance Co., 526 So.2d 284, 290 (La.App. 3d Cir.1988). Significantly, in Mason, 662 So.2d 843, the court found that the worker had retired for purposes of SEB when he wrote a letter to his employer stating that he was retiring, told his physician he had retired, wrote "retired" in the space for employer on his health insurance form, moved back home in a rural area, did not seek employment, and openly conducted himself as a retiree.
This court's only opinion on this issue is Carter v. New Orleans Fire Department, 94-0338 (La.App. 4 Cir.1994), 646 So.2d 455, writ granted, 94-3072 (La.2/17/95), 650 So.2d 238, in which the court held that a claimant who "retired" on a disability pension was "retired" for purposes of termination of SEB, limiting the claimant to 104 weeks of benefits. However, the Louisiana Supreme Court granted writs on that case and remanded to the workers' compensation judge, for a hearing and the taking of evidence on whether the claimant had indeed "permanently withdrawn from the work force." The workers compensation judge had not made a ruling on the issue.
In the instant case, the workers' compensation judge found specifically that Mr. Breaux was not "retired." However, Mr. Breaux's testimony indicates that he has permanently withdrawn from the work force, under the standards enunciated by the controlling jurisprudence outlined above. Mr. Breaux stated specifically that he has no intention of returning to his job at the fire department, and indicated that he had not looked for other types of work. Moreover, Mr. Breaux stated that he had no intention of looking for other work despite the fact his doctors both indicated that he would be eligible for "light-duty" or office work. See Attaway, 651 So.2d 306.
Accordingly, we reverse the finding of the workers' compensation judge that Mr. Breaux was not retired, and amend the judgment to limit Mr. Breaux's SEB payments to 104 weeks.

Attorney's fees and costs
Because we have amended the judgment to limit Mr. Breaux's entitlement to SEB payments to 104 weeks, Mr. Breaux's request for attorney's fees and costs for defending this appeal is denied.

Conclusion
The judgment of the workers' compensation judge is amended to limit Mr. Breaux's SEB payments to 104 weeks. In all other respects, the judgment is affirmed. Mr. Breaux's request for attorney's fees and costs is denied.
AMENDED AND AFFIRMED, AS AMENDED.
NOTES
[1] Pfister involved a fire inspector who suffered heart disease; however, the principles apply to this case.
[2] The fire department's doctor has found that Mr. Breaux is totally and permanently disabled from engaging in fire duty.