814 So.2d 671 (2002)
Alexander RANDAZZO
v.
BOH BROTHERS CONSTRUCTION CO.
No. 2001-CA-1953.
Court of Appeal of Louisiana, Fourth Circuit.
March 27, 2002.
Writ Denied June 14, 2002.
*672 Frank A. Bruno, New Orleans, LA, for Plaintiff/Appellee.
Christopher M. Landry, William Cruse, Blue Williams, L.L.P., Metairie, LA, for Defendant/Appellant.
Court composed of Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY, and Judge MICHAEL E. KIRBY.
WALTZER, Judge.
Boh Brothers appeals a judgment against it awarding worker's compensation benefits to a retired employee. Worker's compensation benefits were paid to the injured employee, Alexander Randazzo, from 1994 until 1999, including 104 weeks of benefits after Randazzo had retired. The trial court awarded additional benefits, finding that Randazzo had not retired within the meaning of LSA-R.S. 23:1221(3)(d)(iii), and Boh Brothers appeals this judgment.

*673 STATEMENT OF THE FACTS AND HISTORY OF THE CASE
Alexander Randazzo injured his back on the job with Boh Brothers on 1 March 1994. He filed his first disputed claim form on 15 July 1999. In his claim for benefits, Randazzo alleged that Boh Brothers wrongfully terminated benefits. The trial court dismissed the claim for benefits for failure to prosecute on 18 February 2000, but the court reinstated the claim by order dated 16 March 2000.
According to stipulations by the parties, Randazzo received supplemental earnings benefits through 30 June 1999, 104 weeks after he stopped working for Boh Brothers in June 1997. The parties do not dispute Randazzo's injury, disability or entitlement to benefits. He injured his back in 1994 and underwent surgery and rehabilitation. After his doctor released him to return to work, Randazzo returned to work at Boh Brothers. He tried several jobs, including tacking and welding. He told the supervisors at Boh Brothers that he was not capable of doing these jobs. Eventually, Boh Brothers offered him a job in the office, answering the phone and manning the tool closet. He cleaned the tool closet and handed out tools upon request. He loaded and unloaded trucks and ran errands, including delivering tools to distant locations. The job required lifting, bending and carrying weighty items up and down stairs and ladders. He testified that he complained about the job duties to his supervisors but the supervisor, Greg Thompson, who testified at trial, contradicted this testimony. Moreover, Randazzo testified, corroborating Thompson's testimony, that if Boh Brothers' employees asked him to do work beyond his capabilities and he told these employees that he could not perform certain tasks, no one required him to do these tasks. Furthermore, Randazzo testified that he volunteered for many of the duties for which he now complains. Randazzo did not complain to his doctor. No other evidence supports his assertion that he complained of the nature of the work. He worked for Boh Brothers after his 1994 accident in this capacity from June 1995, until he resigned/retired in June 1997. He saw his treating orthopedist Dr. Claude Williams in May 1996, and made no complaints regarding problems with the work or his back. He indicated to Dr. Williams that the work was "sedentary."
Randazzo applied for both his tenured retirement benefits and social security retirement benefits before leaving his job with Boh Brothers in 1997. He told Boh Brothers he was "retiring." Boh Brothers gave him a retirement gift. In September 1997, he told Dr. Williams he had "retired." At trial, he testified that he had retired and that he did not want to return to work, although on direct examination he testified that if an appropriate job were offered, without any solicitation from him, that he might return to work. He testified that he had not solicited any work after leaving Boh Brothers in 1997 and that he did not intend to search for a job. Greg Thompson, Randazzo's supervisor at Boh Brothers during his work in the office and tool closet, testified that he knew Randazzo returned to work with certain physical limitations and he never demanded that Randazzo perform any tasks for which he felt incapable. He also testified that Randazzo told him of his retirement in 1997 and never complained that he was leaving because he felt unable to do the work.
Frank Ryals, the claims adjuster for Boh Brothers' insurer, testified that he was notified in June 1997 that Randazzo intended to retire. In October 1997, he notified Randazzo's attorney that benefits would be terminated after 104 weeks from Randazzo's retirement, pursuant to LSA-R.S. *674 23:1221. He never received any demand for additional benefits from Randazzo until the First Circuit Court of Appeal declared the act unconstitutional. At that time Randazzo demanded additional benefits. However, Ryals testified that he never received any complaint from Randazzo that Boh Brothers job assignments exceeded Randazzo's limitations. Ryals testified that neither Randazzo nor his attorney requested any vocational rehabilitation. He testified that Randazzo had never expressed any desire to find other employment.
At the trial of the claim in March 2001, Randazzo raised the issue of whether Boh Brothers had provided appropriate employment, within Randazzo's limitations, for the first time. He argued that the job he had performed for two years did not comply with his physician's limitations. Randazzo offered only his testimony to support this argument. The trial court rendered judgment for Randazzo and awarded him benefits. The trial court found that Randazzo had not voluntarily retired within the meaning of LSA-R.S. 23:1221. Boh Brothers appeals the judgment arguing that the evidence does not support the trial court's conclusion.

DISCUSSION
Boh Brothers argues that the trial court erred in finding that Randazzo had not retired within the meaning of LSA-R.S. 23:1221. LSA-R.S. 23:1221(3)(a) of the Louisiana Worker's Compensation Act provides for the payment of supplemental earnings benefits for injury resulting in the employee's inability to earn wages equal to ninety percent or more of wages at the time of injury. LSA-R.S. 23:1221(3)(d) provides in pertinent part that the right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred and twenty weeks, and shall terminate,
(iii) When the employee retires or begins to receive old age insurance benefits under Title II of the Social Security Act, whichever comes first; however the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks.
LSA-R.S. 23:1221(3)(d)(iii). (Emphasis added.)
The Louisiana Supreme Court found unconstitutional that portion of LSA-R.S. 23:1221(3)(d)(iii) which section terminates benefits upon the claimant's receipt of social security old age benefits. However, the court expressly declined to consider the constitutionality of that portion of the act terminating benefits when the claimant retires. Pierce v. Lafourche Parish Council, 99-2854, p. 4 (La.5/16/00), 762 So.2d 608, 612. Moreover, the Court severed that portion of the statute which it declared unconstitutional. Pierce, 99-2854, at p. 9, 762 So.2d at 615.
Initially, the employee bears the burden of proving that the work related injury resulted in his inability to earn at least ninety percent of his pre-injury income. Once the employee's burden is met, the burden shifts to the employer who, in order to defeat the employee's claim for benefits must prove that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee. Breaux v. City of New Orleans, 97-0273, p. 5 (La.App. 4 Cir. 8/27/97), 699 So.2d 482, 485. Moreover, the employer may limit/terminate the claimant's entitlement to benefits by proof of the claimant's retirement. LSA-R.S. 23:1221(3)(d)(iii).
Retirement occurs when the claimant "withdraws from the work force." *675 Breaux, 97-0273, at p. 6, 699 So.2d at 486, citing Allen v. City of Shreveport, 93-2928 (La.5/23/94), 637 So.2d 123, 127. An employee who chooses pension benefits as opposed to returning to work has retired. Id. Moreover, an employee who expresses his intention to both retire, or stop working, and not look for other employment and who makes no effort to find another job has retired within the meaning of LSA-R.S. 23:1221. Lytle v. City of New Orleans through New Orleans Fire Department, 96-0039, p. 5 (La.App. 4 Cir. 9/11/96), 681 So.2d 12, 15.
However, if the injury causes the claimant's unemployment, the employee is not retired for purposes of limiting benefits. Breaux, 97-0273, at p. 7, 699 So.2d at 486, citing Margin v. Barthelemy, 93-2224 (La.App. 4 Cir. 5/17/94), 638 So.2d 291, 299. Retirement limiting benefits connotes withdrawals based on age or years of service resulting in some type of pension. Id. When the injury and a doctor's failure to release an employee to return to work cause the employee to decide to stop work or failure to return to work, such a withdrawal from the work force is not voluntary. Montana v. City of New Orleans, 95-1701, p. 7 (La.App. 4 Cir. 6/5/96), 682 So.2d 239, 244.
The trial court found that Randazzo had not "voluntarily" retired, after finding that Boh Brothers had not provided a suitable job for Randazzo after his injury. We believe the evidence does not reasonably support such a conclusion. As opposed to the facts in Montana, Randazzo's treating physician released him to return to work with certain limitations. Randazzo testified that his duties at Boh Brothers after the 1994 accident exceeded the limitations prescribed by Dr. Williams. However, Randazzo also testified that he did not perform work which he believed exceeded his capabilities. Moreover, he did the job for approximately two years. He testified that he complained to certain individuals at Boh Brothers about certain tasks, but he stated he refused any task he believed exceeded his abilities, without any repercussions. Moreover, he testified that he returned to work after the accident in other positions and only received the office job when he complained that he could not perform the work required by the other positions. Thus, Randazzo repeatedly testified that Boh Brothers made various efforts to accommodate his disability. Furthermore, Randazzo not only did not complain to Dr. Williams that the job required too much of him but described the job as "sedentary" as reflected in Dr. Williams' notes. After reviewing the entire record, we find no evidence to reasonably support the conclusion that Boh Brothers failed to provide an appropriate light duty job for Randazzo.
The record convinces us that Randazzo permanently withdrew from the work force. Before resigning from his job at Boh Brothers in 1997, Randazzo, then sixty-four years of age, applied for both social security old age benefits and his tenure/age based pension. He announced to his co-workers that he was retiring. He considered himself retired. He testified that he had "retired." He told his doctor he was retired in September 1997. He testified that since his retirement he had not sought employment and upon his retirement, he had no intentions of working. However, he testified that if the right job were offered, without any solicitation from him, he might return to work to have something to do. The only evidence in the record that Randazzo intended to return to work, or even wanted to return to work, is his testimony at trial that he "might," take a job offered to him without any solicitation by him and requiring less than his doctor's limitations. The trial court also *676 found that Boh Brothers had failed to offer vocational rehabilitation to Randazzo, thus limiting his ability to find work after he resigned from Boh Brothers in 1997. However, we find no fault by Boh Brothers, since Randazzo admitted he did not intend to work, did not look for work and never asked for help finding a job. We find no evidence in the record that Randazzo intended to return to work, when he resigned in 1997. We find the evidence in the record does not reasonably support the trial court's conclusion that Randazzo had not permanently withdrawn from the workforce. The evidence convinces us that Randazzo retired in 1997.

CONCLUSION
For the above reasons, we reverse the trial court's judgment awarding Randazzo additional benefits.
REVERSED.