1,LOMBARD, J.
The issue before the court in this appeal is whether the Office of Workers’ Compensation (OWC) judge was manifestly erroneous in his determination that plain-tiffiappellant, Calvin A. Williams, Sr., was retired in accordance with La.Rev.Stat. 23:1221(3)(d) or whether he is entitled to further benefits. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the OWC judge.

Relevant Facts

On August 17, 1996, the plaintiff, an employee of the Midwest Industrial Contractors, was injured in a work-related accident, sustaining an inguinal hernia. Based on his injury, the plaintiff received supplemental earnings benefits (SEB) until February 1997. After his employer terminated benefits, the plaintiff filed a petition for workers’ compensation benefits and on October 1, 1998, a judgment was signed reinstating SEB in the amount of $260.45 per week, subject to the statutory maximum 520 week period.
In January 1999, after turning 62, the plaintiff received a notification of his eligibility for a vested pension from the Laborer’s National Pension Fund based on Ufa years of service. In conjunction with his application for these pension ^benefits, Williams executed a “Retirement Declaration” form acknowledging the Fund’s rules and that he would lose his pension if he worked more than a certain number of hours per week in disqualifying employment. On May 23, 2001, the plaintiffs employer filed a form with the OWC, indicating that the plaintiffs benefits were being terminated effective May 31, 2001, because of his retirement. The plaintiff filed a disputed claim for compensation on July 19, 2001.
On May 12, 2004, the matter was tried before an OWC judge to determine whether the plaintiff was retired within the meaning of La.Rev.Stat. 23:1221(3)(d) or whether he was entitled to a continuation of benefits. On July 1, 2004, the OWC judge issued a judgment finding that the defendant employer was entitled to terminate the plaintiffs SEB after May 31, 2001, because the plaintiff had retired pursuant to the provisions of La.Rev.Stat. 23:1221(3).
The plaintiff appeals this judgment.

Discussion

Workers’ compensation cases are reviewed under the manifest error or clearly wrong standard of review. Smith v. Louisiana Dept. of Corrections, 93-1305, p. 3 (La.2/28/94), 633 So.2d 129, 132. An employer can challenge a claimant’s claim to workers’ compensation benefits at any time, with the burden on the claimant *337 “by clear and convincing evidence, unaided by any presumption of disability” to establish the claimant’s right to benefits. See La.Rev.Stat. 23:1221(2)(c); La. Rev. Stat.28:1221(l)(c); La.Rev.Stat. 23:1221(3)(c) (iii).
La.Rev.Stat. 23:1221(3)(d) provides that SEB shall terminate after a maximum of 520 weeks or after a minimum of 104 weeks if the employee “retires or begins to receive old age insurance benefits under Title II of the Social Security Act.” Retirement occurs for purposes of SEB entitlement under the Workers’ | ¡¡Compensation Act when the worker either “withdraws from the workforce” or draws old age social security benefits[1], whichever comes first. Allen v. City of Shreveport, 93-2928, p. 7 (La.5/23/94), 637 So.2d 123, 126-127. Accordingly, an employee who chooses to accept pension benefits rather than return to work or who expresses his intention to retire, stop working, and not look for other employment and who makes no effort to find another job has retired within the meaning of La.Rev.Stat. 23:1221. Id.; Randazzo v. Boh Brothers Construction Co., 2001-1953, p. 5 (3/27/02), 814 So.2d 671, 675; Breaux v. City of New Orleans, 97-0273, p. 5 (La.App. 4 Cir. 8/27/97), 699 So.2d 482, 485, writ den., 97-2491 (La.12/19/97) 706 So.2d 454.
On appeal, the plaintiff argues that he is not retired within the meaning of the statute because his unemployment is due to his disability and injury rather than a career decision to withdraw from the workforce. The record indicates that after surgical repair of his hernia, Williams is capable of light/sedentary work[2] but that he has not worked since his August. 1996 injury and has not applied for a job since October 1998. At the hearing before the OWC judge, the plaintiff testified that he did not consider himself retired or permanently withdrawn from the workforce but that, according to his family doctor, he could not go back to work. The plaintiff acknowledged that he had never inquired about available employment within light duty restrictions, vocational rehabilitation, or assistance in finding a job and that, since October 1998, he had not been employed, performed any odd jobs, or even applied for a job.
| ¿After review of the record we do not find that the OWC judge was manifestly erroneous or clearly wrong in finding that the plaintiff was retired for purposes of La.Rev.Stat. 23:1221. The plaintiff did not meet his burden in establishing by clear and convincing evidence that he had not withdrawn from the work force and that he was entitled to SEB after May 31, 2001. Accordingly, we affirm the judgment of the OWC judge.
AFFIRMED.

. Williams turned 65 in November 2001 and began receiving Social Security old age benefits in the amount of $574.00 per month; thus, the issue is whether he was entitled to SEB after May 31, 2001, and until November 2001.

. Prior to his injury, the plaintiff was an employee performing heavy labor.