EZELL, Judge, dissenting.
The majority opinion finds that the workers' compensation judge was correct in determining that Mr. Adams is entitled to SEB. I respectfully dissent and would reverse the judgment of the trial court for the following reasons.
Mr. Adams was employed by Georgia Gulf beginning in 1971. He worked several labor positions at different locations at Georgia Gulf's facility, doing work ranging from construction, to being a boilermaker, and crane operation during his almost forty years at Georgia Gulf, to name a few. Mr. Adams claims he began to notice some degree of hearing loss during his employment, though by his own admission, it never affected his work. In January 2010, at age sixty-five, Mr. Adams had back surgery. His back problems were not work related, and he used accumulated vacation time during his recovery. During this time, Mr. Adams decided to retire. His retirement became official in January of 2011. In June of 2015, Mr. Adams filed the current workers' compensation claim, seeking SEB as a result of his alleged hearing loss.
"The purpose of [SEBs] is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident." Banks v. Industrial Roofing Sheet Metal Works, Inc. , 96-2840 (La. 7/1/97), 696 So.2d 551, 556. An employee is entitled to receive SEBs if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage. La. R.S. 23:1221(3)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. Banks , supra at 556. "In determining if an injured employee has made out a prima facie case of entitlement to *1079 [SEBs], the trial court may and should take into account all those factors which might bear on an employee's ability to earn a wage." Daigle v. Sherwin-Williams Co. , 545 So.2d 1005, 1009 (La.1989) (quoting Gaspard v. St. Paul Fire and Marine Ins. Co. , 483 So.2d 1037, 1039 (La.App. 3 Cir.1985) ). It is only when the employee overcomes this initial step that the burden shifts to the employer to prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employee's community or reasonable geographic location. La. R.S. 23:1221(3)(c)(i) ; Banks , supra at 556 ; Daigle , supra at 1009.
Poissenot v. St. Bernard Parish Sheriff's Office , 09-2793, pp. 4-5 (La. 1/9/11), 56 So.3d 170, 174 (alterations in original) (footnote omitted).
"In determining whether a [workers' compensation judge's] finding that an employee has met his initial burden of proving entitlement to SEBs is manifestly erroneous, a reviewing court must examine the record for all evidence that bears upon the employee's inability to earn 90% or more of his pre-injury wages." Seal v. Gaylord Container Corp. , 97-688, p. 8 (La. 12/2/97), 704 So.2d 1161, 1166.
Retirement occurs for purposes of SEB entitlement when the worker "withdraws from the work force." Allen v. City of Shreveport , 93-2928 (La. 5/23/94), 637 So.2d 123, 127. "An employee who chooses pension benefits as opposed to returning to work has retired." Randazzo v. Boh Bros. Constr. Co. , 01-1953, p. 5 (La.App. 4 Cir. 3/27/02), 814 So.2d 671, 675, writ denied, 02-1162 (La. 6/14/02), 818 So.2d 783. "Moreover, an employee who expresses his intention to both retire, or stop working, and not look for other employment and who makes no effort to find another job has retired within the meaning of LSA-R.S. 23:1221." Id.
Determination of whether an employee has withdrawn from the work force for purposes of SEB is based on many factors, including age; the circumstances of each case control. Mason v. Auto Convoy , 27,444 (La.App. 2 Cir. 11/1/95), 662 So.2d 843, writ denied, 95-2905 (La. 2/2/96), 666 So.2d 1103. The "retirement" which restricts SEB payments is that based upon age or years of service, resulting in some type of pension, and does not refer to unemployment as a result of an employment-related injury. Margin v. Barthelemy , 93-2224 (La.App. 4 Cir. 5/17/94), 638 So.2d 291, writ denied , 94-2172 (La. 11/18/94), 646 So.So.2d 378.
I agree with the majority that the workers' compensation judge has laid out thorough and compelling reasons for judgment explaining her findings as to the extent and causation of Mr. Adams's hearing loss. The findings as to those issues were reasonably supported by the record. However, I note that the workers' compensation judge's reasons made no mention whatsoever as to Mr. Adams's wage earning capacity, which is a crucial component of an SEB award. In my view, the record shows that Mr. Adams failed to meet his burden of proving, by a preponderance of the evidence, that his hearing loss resulted in an inability to earn ninety percent or more of his average pre-injury wage under the facts and circumstances of the individual case.
Plainly put, it is my view that the record was devoid of any type of evidence concerning Mr. Adams's earning capacity, other than the fact that he desires an earning capacity of zero. While the record shows that Mr. Adams held several positions and acquired a large and diverse skill set during his forty years of work at Georgia Gulf, *1080 there was no evidence in the record to show that this skill set could not be put to use in a quieter facility, had Mr. Adams actually desired to do so. There is no testimony or affidavit from any vocation rehabilitation expert concerning Mr. Adams' potential earning capacity. While Mr. Adams testified that he earned roughly $50,000 in his final years at Georgia Gulf,[1] nothing in the record shows that he is unable to earn ninety percent of that amount using his skills in quieter employment.[2] To the contrary, the record shows that Mr. Adams had no desire to use his skill set for employment at all. The only evidence regarding Mr. Adams's earning capacity whatsoever indicates that he voluntarily left the workforce in 2010 for reasons completely unrelated to his hearing loss.
The evidence presented at trial shows that Mr. Adams did not leave work due to any reduction in his hearing, but that he simply chose to retire due to his age and his back. Mr. Adams' hearing loss was in no way a factor in his decision to retire, nor did it affect his ability to do his job, by his own admission. When he retired, Mr. Adams had no doctor preventing him from working or limiting his employment due to his hearing loss. In fact, Mr. Adams did not receive any type of employment limitations from a doctor due to his hearing until five years after he last worked at Georgia Gulf. Moreover, Mr. Adams testified that he had no desire to return to the work force after he retired, and that he had not sought any employment, of any kind, in the five years between his retirement and the trial. While he may have initially intended to work until the age of seventy, Mr. Adams himself made it perfectly clear that once he had stopped working due to his unrelated back surgery in 2010, he decided to completely leave the workforce. He stated that, after eight or nine months off work after the surgery, he "got to the age, [he] didn't want to go back, so [he] retired."
As noted above, the purpose of SEB is to compensate the injured employee for the wage earning capacity he has lost as a result of his work injury . Banks , 696 So.2d 551. It is my view that the record shows Mr. Adams has not lost any earning capacity due to his hearing loss. Because Mr. Adams had so obviously voluntarily retired, for reasons completely unrelated to his hearing loss , and because he had been retired for so long prior to trial, he has not and did not lose any wage earning capacity, let alone lose any such capacity due to his work injury . As such, I feel that the workers' compensation judge had no reasonable basis for its finding that Mr. Adams lost any portion of his wage earning capacity. Accordingly, I would find that he has failed to establish that he is entitled to SEB and would reverse the decision granting them.
Based on my view of the decision regarding SEB, I would also find that the workers' compensation judge erred in awarding Mr. Adams penalties and attorney fees.

Mr. Adams had earned more in prior years, when he had worked frequent overtime. Mr. Adams testified he reduced those hours as he got older.

Mr. Adams claims that "common sense" suggests that he could not earn ninety percent of his past wages. However, vague assertions of common sense are not, in fact, evidence.