ON REMAND FROM THE LOUISIANA SUPREME COURT
WILLIAMS, Judge.
The Louisiana Supreme Court has remanded this case to us for a determination of quantum. Because this issue is res nova, we are required to make our own determination based upon the evidence contained in the record. The facts of this case are set forth in great detail in 505 So.2d 1120 (La.1987).
Plaintiff has had to undergo surgery two times for problems connected with his back, which the Louisiana Supreme Court has held was causally related to the accident of October 19, 1981. He also suffered traumatic neurosis, which has required psychiatric treatment. Testimony of both plaintiff and his wife indicated that their personal relationship has suffered drastically as a result of the accident. Based upon the evidence of plaintiff and of the doctors who treated him, we find that an award of $300,000.00 to be reasonable to recompense him for past and future pain and suffering.
Furthermore, we are required to determine an appropriate award for plaintiffs economic loss suffered as a result of the accident. At trial, each party presented testimony of expert witnesses as to the past and future loss suffered by plaintiff. There was a distinct disagreement between the analyses of the witnesses. We find the testimony of the plaintiff’s witness to be more persuasive, and use his calculations as a basis for making our award.
Dr. Melville Wolfson who testified for plaintiff, considered income tax returns plaintiff filed from 1977-82. He took into account the number of work hours and the increases in salary plaintiff had earned. He adjusted for a decrease in productivity as plaintiff grew older. Wolfson used a “work life expectancy” of 23.3 years, until plaintiff was 61~y2 years old. He calculated that the present value lump sum of $977,787.00 would ensure plaintiff of an income of as least $47,000.00 per year for the expectancy of his work life.
Wolfson also calculated the present lump sum value of the future loss of wages, taking into consideration plaintiffs ability to earn minimum wage, to be $847,848.00. We believe that the testimony of the witnesses taken as a whole supports the conclusion that plaintiff should be able to find employment earning at least minimum wage. We have taken this into consideration in making our award.
We, therefore, find that the following amounts adequately compensate plaintiff for his damages:
Pain and suffering (physical and mental). $300,000.00
Past medical expenses . 52,566.89
Past loss of wages. 109,198.00
Future loss of wages. 847,848.00
*1237 Rehabilitation expense.$ 15,000.00
Total. $1,324,612.89
The judgment based on this award will be reduced by 10%, plaintiffs share of fault.
Accordingly, we render judgment in favor of plaintiff Raymond J. Mart, and against defendants James E. Hill, Inter-coastal Truck Lines, Inc. and North River Insurance Company, in solido, in the amount of $1,192,151.60 plus judicial interest from the date of judicial demand. Further, we render judgment in favor of inter-venor, National Union Fire Insurance Company, for the recovery by preference and priority from plaintiffs award, of all amounts intervenor has paid or will pay to plaintiff in worker’s compensation and medical benefits. [See: La.R.S. 23:1103 and Poirrier v. Cajun Insulation, Inc., 501 So.2d 800 (La.App. 4th Cir.1986), writ denied, 502 So.2d 579 (La.1987), reconsideration denied, 503 So.2d 471 (La.1987) ]. We also order defendants to pay all expert fees and all costs.
JUDGMENT RENDERED.