SEXTON, Judge.
The Louisiana Supreme Court reversed our previous holding in Allen v. City of Shreveport, 695 So.2d 340 (La.App.2d Cir. 1992), in which we held that plaintiff failed to prove a continuing disability and was therefore not entitled to supplemental earnings benefits (SEBs). The high court remanded the matter to us to determine the amount of SEBs to which the plaintiff was entitled, the duration thereof, and whether he was entitled to penalties and attorney fees. Allen v. City of Shreveport, 618 So.2d 386 (La.1993). We reinstate the trial court judgment as here amended.
The determination of the amount of benefits is not difficult. The trial court originally rendered judgment setting weekly benefits at $247.13 per week. This amount was not contested on appeal. We therefore set the amount of plaintiffs benefits at $247.13 per week.
We also readily dispose of the issue of penalties and attorney fees. We conclude that plaintiffs right to compensation was reasonably controverted by the defendant and that the defendant was not arbitrary and capricious. In this regard, we note that this court was initially impressed with the defendant’s argument that plaintiff was not entitled to SEBs because plaintiff had not shown that he was still disabled by definition. Further, we aligned ourselves with panels of two other circuits which denied benefits in cases where the reason the plaintiff was not working, in significant part at least, had to do with a depressed labor market. As these cases pointed out, the comparison under the current worker’s compensation scheme should be between pre-accident wages and what the employee is physically able to earn currently, not what he is actually earning. Babineaux v. Brown & Root, Inc., 543 So.2d 946 (La. App. 5th Cir.1989), writ not considered, 548 So.2d 1221 (La.1989); Miller v. Great Southern Oil and Gas Co., Inc., 503 So.2d 679 (La.App. 3rd Cir.1987), writ denied, 505 So.2d 1144 (La.1987). The rationale for not awarding SEBs when the plaintiff was unemployed due to a depressed labor market (rather than his injury) is obvious. The reason the employee did not have a job was not the injury. Even if healthy, he would not have had a job. Accordingly, we decline to award penalties and attorney fees.
The issue of the extent of the benefits to be awarded is a more difficult one. The defendant contends that the trial judge’s original limitation of benefits to 104 weeks based on the plaintiffs retirement is the proper duration for benefits. Plaintiff coun *856 ters with Breaux v. Travelers Insurance Company, 526 So.2d 284 (La.App. 3rd Cir.1988). In that case the court held that LSA-R.S. 23:1221(3)(d), which provides that SEBs will be terminated at 104 weeks if the employee retires or begins to receive old age insurance under the Social Security Act, is ambiguous. The court concluded that a person is not retired until he has permanently withdrawn from the workforce, noting that it was not unusual for an individual to take early retirement from one employment and thereafter engage in another. Thus, under the rationale of Breaux, the instant plaintiff would be entitled to benefits for the maximum period of 520 weeks. We are unaware of any other jurisprudence dealing with this issue.
With all due respect to our brethren of the Third Circuit, we disagree with Breaux. We are particularly influenced by the fact that the language of the statute at issue essentially treats retirement and social security benefits synonymously. It states that the 104-week limitation of LSA-R.S. 23:1221(3)(d) is operative if the employee retires or begins to receive old age benefits under the Social Security Act. This language strongly implies to us that the legislature did not intend that “retirement” in the context of this statute means that the claimant has permanently withdrawn from the workforce, but rather, the claimant has retired from the company with whom he was employed at the time he was injured.
In this respect, we are reminded that worker’s compensation is a form of social insurance that is a compromise between an employer and an employee arising out of a particular employment contract. Thus, the employee’s right to worker’s compensation is based on the premise that the business in which the plaintiff was injured, irrespective of fault, should bear the cost of the injury because it is related to the production of that business’s product. See generally, 13 Wex S. Malone & H. Alston Johnson, III, Louisiana Civil Law Treatise, ‘Workers’ Compensation Law and Practice” §§ 32, 33, 52, 53 (2d ed. 1980 & Supp.1993). Thus, we conclude that in LSA-R.S. 23:1221(3)(d) the legislature intended the word “retirement” to mean retirement from the particular employment contract out of which the injury arose.
In summary, we award plaintiff supplemental earnings benefits of $247.13 per week for a period of 104 weeks and reject his claim for penalties and attorney fees. We therefore reinstate Paragraphs 1 (as amended by the trial court) and 3 of the trial court judgment herein of March 1, 1991. Paragraph 2 of that judgment is also reinstated insofar as it pertains to the costs of these proceedings only. The paragraph is amended to delete the assessment of penalties and attorney fees under LSA-R.S. 23:1201E and 23:1201.2. All costs are assessed to the defendant.
TRIAL COURT JUDGMENT REINSTATED AS AMENDED.