hMAX N. TOBIAS, JR., Judge.
In this workers’ compensation case, the defendants, Kopcke Kansas and its insurer, Hartford Insurance Company, appeal the award of attorney’s fees in the amount of $5,000.00 in favor of the plaintiff. For the following reasons, we affirm the judgment.
The plaintiff, Julienne Van Vliet, was injured on 23 August 1998, in the course and scope of her employment with Kopcke Kansas, when a forklift struck her vehicle. She began treating with Dr. S. Daniel Seltzer on 13 October 1998 for lower back and hip complaints. On 30 March 2000, Dr. Seltzer recommended that she undergo pain management as an alternative to surgery. The plaintiff was evaluated by Touro Pain Management on 15 May 2000 and was treated monthly through October 2000. Ms. Van Vliet became pregnant and gave birth on 19 January 2001. Dr. Seltzer recommended that she return to Touro Pain Management on 19 June 2001. The defendants refused to approve the continued pain management, which included physical therapy.
RThe plaintiff filed a Form 1008, disputed claim for compensation, on 18 July 2001. A mediation was scheduled for 8 October 2001, but was twice continued. The matter was mediated on 21 November 2001, but the dispute did not settle.
The trial was held on 25 March 2002. The trial court found that the defendants failed to reasonably controvert the plaintiffs need for pain management and its failure to authorize treatment related to a condition over which defendant had control. In finding a violation of La. R.S. 23:1201(E),[1] the trial court awarded attorney’s fees in the amount of $5,000.00 and penalties in the amount of $2,000.00.
The defendants contend that the award of attorney’s fees was an abuse of discretion on the part of the trial court. They contend that under La. R.S. 23:1201(F), a *83 fee must be reasonable, and in light of the work performed by the plaintiffs counsel, the fee of $5,000.00 is inappropriate. On the other hand, the plaintiff argues that the fee is reasonable under the facts of this case.
La. R.S. 23:1201(F) provides the basis for an award of attorney’s fees and penalties. This provision, however, is inapplicable if the claim is reasonably controverted. The workers’ compensation judge has great discretion in the award of attorney fees and penalties in a workers’ compensation case, and the exercise of such discretion will not be disturbed on appeal unless clearly wrong. Rareshide v. Mobil Oil Corp., 97-1376, p. 14 (La.App. 4 Cir. 4/22/98), 719 So.2d 494, 506. The award of penalties and attorney’s fees in a workers’ compensation case is based 13on a finding of fact and should not be disturbed unless it is clearly wrong. Glynn v. City of New Orleans, 95-1353, p. 4 (La.App. 4 Cir. 4/3/96), 672 So.2d 1112, 1115-1116.
While the defendants focus on the simplicity of the trial of the disputed claim, the record evidences that the plaintiffs counsel also handled several pre-trial matters. In addition to preparing three times for a mediation, counsel participated in an unsuccessful mediation. In addition, the plaintiff served the defendants with discovery (a request for admissions) and was then forced to compel that discovery with a rule to show cause when the defendants failed to respond. Finally, the matter was tried to the workers’ compensation judge, who found that the defendants’ refusal to approve the pain management was not reasonably controverted and awarded penalties^and attorney’s fees.
We find that the award of $5,000.00 for attorney’s fees is not unreasonable. We, therefore, find no abuse of discretion and affirm the award and assess the defendants with ah costs of this appeal.

AFFIRMED.

. La. R.S. 23:1201(E) provides: "Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.”