# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1261


**BARBARA LEGER**

**VERSUS**

**CALCASIEU PARISH SCHOOL BOARD**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 08-02426
HONORABLE SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*


## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.

**AFFIRMED IN PART, REVERSED IN PART.**


Christopher M. Trahan
Raggio, Cappel, etc.
P. O. Box 820
Lake Charles, LA 70602
(337) 436-9481
Counsel for Defendant/Appellant:
Calcasieu Parish School Board

Todd A. Townsley
Townsley Law Firm
3102 Enterprise Blvd.
Lake Charles, LA 70601
(337) 478-1400
Counsel for Plaintiff/Appellee:
Barbara Leger

**SAUNDERS, Judge.**

Herein we address whether the trial court erred in finding that Barbara Leger's (Leger) wages from her employment with McDonald's should have been included in her workers' compensation rate for the injuries she sustained in the course and scope of her employment with the Calcasieu Parish School Board (School Board). We also address whether the trial court erred in awarding penalties and attorney fees to Leger.

**FACTS AND PROCEDURAL HISTORY:**

Leger was employed as a school bus driver by the Calcasieu Parish School Board from 1994 to 2007. On May 15, 2007, after dropping off the last of her passengers, Leger's bus was struck head-on by a drunk driver, who lost control of his vehicle and veered into her lane. In the accident, Leger suffered severe injuries, including a concussion, cracked ribs, facial lacerations, and a herniated disk in her neck which required a cervical fusion.

At the time of the accident, Leger was also employed as a crew trainer by McDonald's. During the school year, Leger would begin her bus route at 6:20 a.m. and finish by 7:30 a.m. She would then work at McDonald's from 8:00 a.m. until 2:00 p.m. Finally, she would resume her bus driving duties from 2:30 p.m. until 4:00 p.m.

Leger's injuries kept her from working until June 15, 2008, when she took a job at Darrell's Po-Boy Shop. She attempted to return to her job as a bus driver, but her injuries would not allow it.

The School Board paid Leger's workers' compensation benefits based on her average weekly wage derived from her income as a school bus driver. It took into account her annual salary of $13,624.00 along with an additional $4,120.75—the total of supplemental payments, pay for field trips, etc., received by Leger during the 52

weeks prior to the accident. These totals were added and then divided by 52 to come up with Leger's average weekly salary of $341.25. Her resulting workers' compensation rate came to $227.52.

This case is before us because the lower court found that Leger's average weekly wage should include, in addition to her wages as a school bus driver, her wages from her part-time employment at McDonald's. The School Board appeals and asserts the following assignments of error:

**APPELLANT'S ASSIGNMENTS OF ERROR:**

1.    [The workers' compensation judge] erred in holding that wages from Ms. Leger's part-time job at McDonald's should have been included in determining an average weekly wage, and the appropriate weekly workers' compensation rate, when she was injured in an accident arising out of and in the course of her salaried job at the Calcasieu Parish School Board.

2.    [The workers' compensation judge] erred in awarding penalties and attorney fees.

**LAW AND DISCUSSION ON THE MERITS:**

The principle behind our workers' compensation laws is that an employee is entitled to compensation benefits if that employee suffers personal injury by accident arising out of and in the course and scope of his employment. La.R.S. 23:1031(A).

In the matter before us, Leger suffered significant injuries due to an automobile accident that occurred during the course and scope of her employment with the School Board. At the time of the accident, Leger was also employed part-time at a McDonald's. She was rightfully awarded workers' compensation benefits for her injuries. The School Board does not question this. What the School Board does question, in its first assignment of error, is whether Leger's wages from her employment at McDonald's should have been included in the calculation that

determined her workers' compensation award.

An injured employee's workers' compensation benefit rate is determined by calculating 66 and 2/3 percent of that employee's wages—subject to a minimum and maximum rate set by law. See La.R.S. 23:1221 and 23:1202.

Louisiana Revised Statutes 23:1021(12) defines wages as the "average weekly wage at the time of the accident." The statute provides additional rules for determining the average weekly wage. It is in these rules that we find the root of the dispute in this case.

Louisiana Revised Statutes 23:1021(12)(a)(iv) reads as follows:

(iv) A part-time employee, as defined in R.S. 23:1021(9) and who is employed by two or more different employers in two or more successive employments, shall be entitled to receive benefits as follows:

(aa) If an employee is employed by two or more different employers in two or more successive employments and the employee incurs a compensable injury under the provisions of this Chapter in one of the employments, the employer in whose service the employee was injured shall pay the benefits due the employee as provided in this Chapter.

(bb) If the employee is a part-time employee in one of the successive employments, is injured in that employment, but as a result of the injury also incurs loss of income from other successive employments, that employee shall be entitled to benefits computed by determining wages under the provisions of this Subsection using his hourly rate in employment at the time of injury and using the total hours worked for all employers of the part-time employee, but not to exceed his average actual weekly hours worked or forty hours weekly, whichever is less.

Both the School Board's and Leger's arguments focus on the meaning of the phrase "that employment" in La.R.S. 23:1021(12)(a)(iv)(bb). The School Board argues that the phrase should be interpreted as referring to part-time employment only, while Leger contends that it refers to any of the successive employments. The distinction is an important one.

If the School Board's reading is correct, it would mean that, because Leger was

not injured in the course and scope of her employment with McDonald's (her only part-time employment), the statute would not apply in this case. If Leger is correct in her reading that the statute refers to either of the successive employments, then the statute would be applicable in this case as she was injured in her successive employment as a school bus driver.

We note the trial court's language on this issue in its oral reasons for judgment: "Now reasonable minds can disagree as to the statute's meaning; however, no reasonable person could, or should, with a straight face argue that the wording is not at best ambiguous." We are of the same mind and find that both interpretations are plausible. With that said, we are also mindful that workers' compensation statutes are to be interpreted liberally in favor of the employee.

> The well-recognized beneficial design of the Workers' Compensation Act is to set up a court-administered system to aid injured workmen by relatively informal and flexible proceedings. *Rhodes v. Lewis*, 01-1989 (La. 5/14/02), 817 So.2d 64. The provisions of the workers' compensation law are to be interpreted liberally in favor of the worker in order to effectuate its purpose of relieving workers of the economic burden of work-connected injuries by diffusing the cost on channels of commerce. *Lester v. Southern Cas. Ins.*, 466 So.2d 25 (La. 1985). See also *Coats v. American Tel. & Tel. Co.*, 95-2670 (La. 10/25/96), 681 So.2d 1243; *Harold v. La Belle Maison Apartments*, 94-0889 (La. 10/17/94), 643 So.2d 752.

*McLin v. Industrial Specialty Contractors, Inc.*, 02-1539, p. 3 (La. 7/2/03), 851 So.2d 1135, 1139.

This court also finds significance in three jurisprudential decisions that addressed issues similar to the one before us today: *Jones v. Orleans Parish School Board*, 370 So.2d 677 (La.App. 4 Cir. 1979), *Glynn v. City of New Orleans*, 95-1353 (La.App. 4 Cir. 4/3/1996), 672 So.2d 1112, and *Mitchell v. Winnfield Holding Corp.*, 03-677 (La.App. 3 Cir. 12/17/03), 861 So.2d 931, *writ denied*, 04-0191 (La. 4/2/04),

869 So.2d 878.

The *Jones* case, like ours, involved a school board employee who also held a separate part-time job. Jones worked as a teacher and also had a part-time job as a car salesman. In addressing permanent partial disability stemming from Jones' injury in the course and scope of employment with the Orleans Parish School Board, the court considered the compensation rate based on Jones' pre-injury and post-injury earnings. The court found that in determining the compensation rate, it must take into account Jones' wages from both his employment with the school board and as a car salesman.

In *Glynn*, the plaintiff was injured in his employment as a fire fighter for the City of New Orleans. The court cited *Jones* and found that the lower court had made the proper decision in including the plaintiff's wages from his outside employment with Delgado City College when calculating his earnings to determine the compensation benefits.

Lastly, in *Mitchell*, the plaintiff was a full-time employee with Winnfield Funeral Home and a part-time employee with Nurturing Nook Childcare Center. The workers' compensation judge, in calculating the plaintiff's benefits, only included Mitchell's wages from his full-time employment with the funeral home. On appeal, this court found that excluding his part-time wages was improper. It cited the decisions from both *Glynn* and *Jones*.

The School Board has directed this court's attention to the recently decided case, *Burnett v. Village of Estherwood*, 06-680 (La.App. 3 Cir. 12/9/09), 25 So.3d 997. We find the case to be distinguishable from the matter before us. *Burnett* was a uniquely fact-specific opinion wherein the plaintiff Chief of Police was injured while on duty. As Chief of Police, he was on call twenty-four hours a day and had

no set work schedule. This flexible schedule allowed him to earn money doing various chores for people and businesses within the community. The court found that because Burnett was a monthly employee rather than a full-time or part-time employee, and because he earned the majority of his income from his successive employments rather than from his monthly employment, his situation did not fall within the legislature's reasoning for enacting the statute. The same is not so in the case before us. The majority of Leger's income was derived from her employment with the School Board, as opposed to her wages earned while working for McDonald's. Accordingly, we do not consider *Burnett* controlling in the present case.

In light of the ambiguity in La.R.S. 23:1021(12)(a)(iv)(bb), the liberal construction in favor of the employee regarding workers' compensation laws, and the cases cited above, we find that the lower court was correct in including Leger's wages from her employment with McDonald's. Accordingly, we find that the School Board's first assignment of error is without merit.

In its second assignment of error, the School Board asserts that the lower court erred in awarding penalties and attorney fees to Leger. We agree.

Louisiana Revised Statutes 23:1201 sets out the circumstances under which penalties and attorney fees may be rewarded. It reads, in pertinent part:

> F. Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim;

La.R.S. 23:1201(F). By the authority of this provision, the lower court awarded

Leger $2,000.00 in penalties and $8,000.00 in attorney fees. The School Board argues, and we agree, that the penalty and fees were improperly awarded under this statute in light of the language of La.R.S. 23:1201(F)(2). It reads: "This subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control."

We note that our supreme court has discussed the meaning of "reasonably controverted" in *Brown v. Texas-La Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890.

> The phrase "reasonably controverted," on the other hand, mandates a different standard. In general, one can surmise from the plain meaning of the words making up the phrase "reasonably controvert" that in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La.R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.

In *Aswell v. Rockwood Ins. Co.*, 519 So.2d 394, 399 (La.App. 2 Cir. 1988), the second circuit addressed the application of La.R.S. 23:1201(F)(2) and held:

> When a substantial legal question exists as to entitlement to benefits or where denial of benefits is based upon a close issue of law, a defendant who denies benefits is not to be assessed with penalties and attorney fees. *Guidry v. Serigny*, 385 So.2d 295 (La.App. 1 Cir. 1980), *writ denied*, 386 So.2d 355 (La.1980); [*Sones v. Mutual of Omaha Ins. Co.*], 272 So.2d 739 (La.App. 2 Cir. 1972), *writ denied*, 273 So.2d 292 (La.1973).

In our view, there is no doubt that the matter at issue was reasonably controverted by the School Board. We have already discussed the notable ambiguity attached to La.R.S. 23:1021(12)(a)(iv)(bb). While we have found in favor of Leger on that issue, our decision was based on numerous factors—none of which were that

the School Board's actions were frivolous or not supported by well-reasoned arguments. The lower court itself, in its oral reasons for judgment, commented on La.R.S. 23:1021(12)(a)(iv)(bb) being ambiguous at best.

For these reasons, we find that the School Board's nonpayment of all the benefits due to Leger was based on a reasonably controverted issue of law. Accordingly, we find that the award of penalties and attorney fees was not warranted. The lower court's ruling on this issue is reversed.

**CONCLUSION:**

For the foregoing reasons, we affirm the ruling of the lower court that Leger's wages from McDonald's should be included in the calculation of her workers' compensation benefits. We reverse the lower court's award of penalties and attorney fees in favor of Leger. The costs of this appeal are assessed equally between the parties.

**AFFIRMED IN PART, REVERSED IN PART.**