HIGGINBOTHAM, J.
12This case involves the application of the Firefighter’s Heart and Lung Statute, La. R.S. 33:2581, which creates a presumption of occupation causation whenever a firefighter develops a heart or lung condition during his employment.
FACTS AND PROCEDURAL HISTORY
The plaintiff, Clinton Miley, Jr. made a disputed claim for compensation with the Office of Workers’ Compensation under the Heart and Lung Statute, alleging that his paroxysmal supraventricular tachycardia (PSVT) was compensable under the statute. At the time Mr. Miley made his claim, he had worked for the Bogalusa Fire Department for nearly 19 years from June 15, 1993 through January 30, 2012. He started experiencing chest pains and palpitations in 2010 and on May 12, 2010, sought treatment and was diagnosed with PSVT.
The Fire Department answered Mr. Mi-ley’s disputed claim for compensation denying liability and contending that Mr. Mi-ley did not suffer from any occupational disease. Specifically, the Fire Department stated that Mr. Miley’s condition was a congenital condition and not one related to his employment as a firefighter. Subsequently, the parties filed cross motions for summary judgment on the issue of whether Mr. Miley’s PSVT was a “disease or infirmity of the heart or lungs” for the purposes of the La. R.S. 33:2581. The workers’ compensation judge denied both motions for summary judgment and the matter proceeded to trial.
After trial on the merits, the workers’ compensation judge made the following findings: 1. Mr. Miley’s diagnosis of PSVT is a “disease or infirmity of the heart” under La. R.S. 33:2581 and therefore Mr. Miley is entitled to the presumption of the statute. 2. Mr. Miley carried his burden of proving he is disabled from working as a firefighter. 3. Mr. Miley is entitled to and Bogalusa Fire Department is ordered to pay Supplemental Earnings Benefits (SEB payments).
|sOn appeal, the Bogalusa Fire Department claims that the workers’ compensation judge erred in the following respects (1) denying its motion for summary judgment; (2) finding that Mr. Miley’s PSVT *322 condition constituted a “disease or infirmity of the heart or lungs” for purposes of La. R.S. 33:2581; (3) failing to hold that Mr. Miley failed to carry his burden that PSVT was causally related to his employment as a firefighter, and alternatively; (4) awarding SEBs for a period in excess of 104 weeks, because Mr. Miley was retired and exhibited no intention of returning to work.
LAW AND ANALYSIS
The finding of disability within the framework of the workers’ compensation law is a legal rather than a purely medical determination. Riker v. Popeye’s Fried Chicken, 09-0527 (La.App. 1 Cir. 10/23/09), 29 So.3d 516, 521, writ denied, 09-2776 (La.2/26/10), 28 So.3d 279. Ultimately the question of disability is a question of fact, and all factual findings in workers’ compensation cases are subject to the manifest error standard of appellate review. Johnson v. East Baton Rouge Parish School Bd., 06-1010 (La.App. 1 Cir. 3/28/07), 961 So.2d 388, 390.
The value of an expert’s finding is also subject to the manifest error standard of review. The standard applies even when the decision of the workers’ compensation hearing officer is based on written reports, records, or depositions. Buxton v. Iowa Police Dept., 09-0520 (La.10/20/09), 23 So.3d 275, 287. It is also well established that the trier of fact has considerable discretion in accepting or rejecting expert testimony, and that the decision of the workers’ compensation judge to accept the testimony of one expert over another should not be disturbed absent manifest error. Ross v. Remediation Services of Louisiana, 97-2102 (La.App. 1 Cir. 5/15/98), 714 So.2d 218, 223.

Application of the Heart and Lung Act

By enacting the Heart and Lung Act, the legislature has acknowledged that firefighters, as a result of the stress and strain of their work, are predisposed to vascular | diseases and heart problems. Coats v. City of Bossier City, 31,164 (La.App. 2 Cir. 10/30/98), 720 So.2d 1283, 1286, writ denied, 99-0019 (La.2/12/99), 738 So.2d 581. The Heart and Lung Act creates a rebuttable presumption that the nature of a firefighter’s work caused, contributed to, accelerated, or aggravated his heart disease or infirmity if the heart problem manifested itself after the first five years of employment.
Louisiana Revised Statute 33:2581, which controls this matter, states as follows:
Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the firefighter is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.
Although the above provision is not specifically incorporated into the Workers’ Compensation Act, La. R.S. 23:1021 et seq., the courts have held it applicable in workers’ compensation cases. Meche v. City of Crowley, Fire Dept. 96-577 (La.App. 3 Cir. 2/12/97), 688 So.2d 697, 700, writ denied, *323 97-0632 (La.4/25/97), 692 So.2d 1088. Once an employee’s heart disease or infirmity is determined to have been caused by or resulted from work performed as per La. R.S. 33:2581, questions of compensation are then decided pursuant to the Workers’ Compensation Act. Id. See Saling v. City of New Orleans, 398 So.2d 1205 (La.App. 4 Cir.), writ denied, 401 So.2d 986 (La.1981).
In its assignment of error regarding summary judgment and the final judgment on the merits, the Fire Department asserts that Mr. Miley’s PSVT condition does not qualify for the presumption under La. R.S. 33:2581 because there is no statutory law or jurisprudence that qualifies PSVT as a “disease or infirmity of the heart or lungs.” [Jn favor of its position, the Fire Department points out that Mr. Miley did not experience chest pains until 2010, that his family had a history of heart problems, that the experts testified that the condition was congenital, and that neither of the experts testified that Mr. Mi-ley’s PSVT was more probably than not a result of his having been a firefighter. Further, the Fire Department contends that Mr. Miley’s failure to undergo treatment consisting of a catheter ablation should have resulted in a loss of his benefits.
As noted previously, La. R.S. 33:2581 mandates that a heart “disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.” Once a claimant establishes that a covered disease is at issue, and the presumption applies, the burden shifts to the employer to prove that the disease was not caused by the firefighter’s employment. The claimant is not required to prove that the employment was the sole cause of the heart injury, so long as it is shown to be a contributing, accelerating, or aggravating factor. Rothell v. City of Shreveport, 626 So.2d 763, 766 (La.App. 2 Cir.1993), writ denied, 93-3191 (La.2/11/94), 634 So.2d 379. Thus, to rebut the presumption, the employer must prove that the firefighter’s employment did not precipitate, accelerate, aggravate, or otherwise cause or contribute to the heart condition. Arsenaux v. City of New Orleans, 98-1405 (La.App. 4 Cir. 12/23/98), 729 So.2d 1056, 1059.
Clearly, this shifting of the burden of proof imposes an onerous task upon the employer. In fact, because the employer is required to prove a negative, ie., that the employment did not in any way precipitate, accelerate aggravate, or otherwise cause or contribute to the heart condition, some courts have termed this presumption as almost impossible to rebut. Devall v. Baton Rouge Fire Department, 2007-0156 (La.App. 1 Cir. 11/2/07), 979 So.2d 500, 504.
| fiDuring the trial, the depositions of Dr. James McKinnie, who specializes in the field of cardiac eleetrophysiology, and Dr. Bruce Iteld, who is board certified in interventional cardiology, were' submitted into evidence. In his deposition, Dr. McKinnie testified that PSVT was a congenital condition but things that trigger it are situational. He noted that the condition can be aggravated by the strenuous nature of being a firefighter. He testified that he could not say that it was more likely than not that being a firefighter would trigger PSVT but again noted that it was possible. When asked if Mr. Mi-ley’s role as firefighter increased his PSVT, he stated “I can’t state that without more data.”
■ Dr. Iteld’s deposition was also considered by the workers’ compensation judge. *324 Dr. Iteld stated that PSVT is a genetic pathway that is there from birth, and sometimes they become active; sometimes they do not. He opined that the initial disease was not as a result of Mr. Miley being a firefighter. However, he noted that whether or not the condition was exacerbated by the disease was a totally different issue. He said that the condition will exacerbate due to multiple factors which include the lifestyle that firefighters live under. He stated that being a firefighter “definitely has the propensity to make the condition more significant, or bring it out more, or make it to a point where he is not functional.” Dr. Iteld stated that he could not say with 100% assurance that the stress of being a firefighter would exacerbate the condition, but he said more likely than not it would.
Mr. Miley testified during the trial. When asked to describe his symptoms, he testified that he felt lightheaded, his heart would start racing, and he felt like he was going to pass out. He stated that the activities that brought on the symptoms included a house fire and an emergency call or immediately after an emergency call.
Here, after thorough review of the depositions of the experts, and the testimony of Mr. Miley, we find no manifest error in the finding of the workers’ compensation | 7judge that PSVT was a “disease or infirmity of the heart” subject to the presumption in La. R.S. 33:2581.
Having found no error in the determination that Mr. Miley suffered from a heart disease within the meaning of the statute, the Fire Department had the “almost impossible” burden of proving that Mr. Mi-ley’s employment as a firefighter did not in any way precipitate, accelerate, aggravate, or otherwise cause or contribute to his heart condition. As noted by the Second Circuit Court of Appeal in McCoy, a medical opinion that generally negates that the firefighter’s work was the cause of his heart disability, but which is tempered by acknowledgements, agreements, or concessions that the work may have been a cause or contributing factor, even though remote, is simply insufficient to rebut the statutory presumption that the heart infirmity resulted from the firefighter’s work. McCoy v. City of Shreveport Fire Department, 26,181 (La.App. 2 Cir. 1/25/95), 649 So.2d 103, 108. The testimony of the experts clearly acknowledged that Mr. Mi-ley’s PSVT condition could have been exacerbated by his occupation. Therefore, based upon the entirety of the record, we cannot conclude that the workers’ compensation judge committed manifest error in finding that Mr. Miley was entitled to benefits.

Refusal to Undergo Treatment

As part of its argument, the Fire Department contends that Mr. Miley’s refusal to undergo a heart ablation procedure disqualified him from benefits. The jurisprudence has created a limited exception that a workers’ compensation claimant’s unreasonable refusal to undergo surgery which might reasonably be expected to benefit claimant can subject claimant to loss of benefits. DePaul Hospital v. Every, 96-39 (La.App. 5 Cir. 8/28/96), 680 So.2d 108, 112-113, writ denied, 96-2776 (La.1/6/97), 685 So.2d 114. The general criteria as to whether an employee’s refusal to submit to surgery is reasonable or not are, as set forth in Coine v. Smith, 100 So.2d 902, 903 (La.App. 1 Cir.1958) as follows:
|sl. Can it be reasonably assumed that the operation will relieve the situation and permit the claimant to resume the type of work he was performing at the time of the accident?
2. Will the operation submit the claimant to a minimum of danger and be *325 in no sense dangerous to Ms life or be attended by no unusual risks and is it attended with but slight pain?
3. Is there no serious disagreement among the surgeons as to the necessity for the operation or the type of operation to be performed, and the probability that the disability will be cured without recurrence?’
In this case, Mr. Miley testified that he was not comfortable with the procedure because it involved heart stoppage. The workers’ compensation judge noted in reasons for judgment that Mr. Miley carried his burden of proving why he did not want to undergo surgery on his heart at this time. Dr. McKinme testified that the procedure had a very high success rate, but also discussed the percentage of risk associated with it. After careful review of the evidence and considering the criteria set forth in Coiné, we find no manifest error in the workers’ compensation judge’s conclusion that Mr. Miley’s decision not to undergo the procedure was not unreasonable.

Retirement

In its final assignment of error, the Fire Department argues in the alternative that the workers’ compensation judge erred in awarding SEB payments for a period in excess of 104 weeks, because Mr. Miley was retired and exhibited no intention of returning to work. In favor of his position, Mr. Miley cites La. R.S. 23:1221(3)(d)(iii), which provides:
(d) The right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:
(iii) When the employee retires; however, the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks.
Mr. Miley stipulated that he had been receiving disability retirement benefits from the firefighter’s retirement system since January 30, 2012. “Retirement” occurs for purposes of SEB entitlement when the worker either “withdraws from the work Rforce” or draws old age social security benefits, whichever comes first. Allen v. City of Shreveport, 93-2928 (La.5/23/94), 637 So.2d 123, 126-127. Determination of whether an employee has “withdrawn from the work force” for purposes of SEB payments is based on many factors, including age, but the circumstances of each case control. Mason v. Auto Convoy, 27,444 (La.App. 2 Cir. 11/1/95), 662 So.2d 843, 846, writ denied, 95-2905 (La.2/2/96), 666 So.2d 1103. Generally, an employee who elects retirement benefits in lieu of returning to work is considered to have retired. Allen, 637 So.2d at 127. This rule also applies if the employee states his intention to not look for another job despite his doctor’s opinion that he could return to normal activities and some form of sedentary work. Attaway v. City of Natchitoches, 94-813 (La.App. 3 Cir. 2/1/95), 651 So.2d 306, 308.
On the other hand, unemployment caused solely by employment injury is not considered “retirement” for purposes of terminating SEB payments. Margin v. Barthelemy, 93-2224 (La.App. 4 Cir. 5/17/94), 638 So.2d 291, 299, writ denied, 94-2172 (La.11/18/94), 646 So.2d 378. The “retirement” which restricts SEB payments is that based on age or years of service resulting in some type of pension. Id. The term “retirement” connotes “total and permanent withdrawal from the work force.” Breaux v. Travelers Insurance Co., 526 So.2d 284, 290 (La.App. 3 Cir. 1988). In Carter v. New Orleans Fire Department, 94-3072 (La.2/17/95), 650 So.2d 238, the Supreme Court remanded a matter to determine whether a firefighter, who *326 was receiving disability benefits had retired as the term was defined in Allen, 637 So.2d at 128. In doing so, the Supreme Court rejected the notion that “retirement” for purposes of receiving benefits under a disability pension policy necessarily constitutes “retirement” within the meaning of La. R.S. 2S:1221(3)(d)(iii).”
Mr. Miley testified that since leaving the fire department he has applied to several businesses and filled out some online applications. He presented evidence indicating his efforts to obtain employment. Mr. Miley said he was forced out of fire | inservice due to his disability, but stated “I don’t consider myself retired.” For these reasons, we conclude that Mr. Miley was not retired from the workforce and proved his entitlement to SEB payments beyond 104 weeks, and we find no error in the workers’ compensation judge’s award of SEB payments to him.
CONCLUSION
For the foregoing reasons, the judgment rendered by the Office of Workers’ Compensation is affirmed. All costs of this appeal in the amount of $248.50 are assessed to appellant, the Bogalusa Fire Department.
AFFIRMED.
McCLENDON, J., concurs and assigns reasons.