STACIE BACON

VERSUS

JEFFERSON PARISH FIRE DEPARTMENT

NO. 22-C-510

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE OFFICE OF
WORKERS' COMPENSATION, DISTRICT 7
STATE OF LOUISIANA, NO. 21-5454
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING


December 19, 2022


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg


**REVERSED; REMANDED**
    **SJW**
    **RAC**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
STACIE BACON
    William R. Mustian, III

COUNSEL FOR DEFENDANT/RESPONDENT,
JEFFERSON PARISH FIRE DEPARTMENT
    Michael F. Nolan

**WINDHORST, J.**

Relator/claimant, Stacie Bacon, seeks review of the trial court's September 27, 2022 judgment granting in part, defendant Jefferson Parish Fire Department's motion for summary judgment, holding that COVID-19 is not covered under La. R.S. 33:2581, the Heart and Lung Act ("the Act"), and "dismissing with prejudice any claim of presumption of causation" under the Act. The trial court further ordered that even though claimant's COVID-19 death benefit claim under the Act is dismissed with prejudice, claimant is "still permitted to pursue a COVID-19 death benefit claim under the general occupational disease statute." The trial court denied in part, defendant's motion for summary judgment, holding "that the dismissal of the COVID-19 death benefit claim" under the Act "does not result in a complete dismissal of all claims." The judgment denied the motion "as to all other conditions claimed to be responsible for the death of Eric Bacon."[1] The judgment also ordered that it was "designated as a final and appealable judgment pursuant to Louisiana Code of Civil Procedure Article 1915 only as to that portion of the Judgment granting the Motion for Summary Judgment." For the following reasons, we grant relator's writ application, reverse the trial court's judgment granting in part defendant's motion for summary judgment, deny relator's motion for summary judgment, and remand for further proceedings.

**JURISDICTION**

Because the judgment was designated as final and appealable under La. C.C.P. art. 1915 as to the trial court's judgment granting in part the motion for summary judgment, this court must determine if the judgment is subject to this court's appellate or supervisory jurisdiction.[2] Relator contends that despite its designation,

---

[1] The trial court's September 27, 2022 judgment denying in part defendant's motion for summary judgment is subject to this court's supervisory review under a separate writ application filed by defendant in case number 22-C-512.

[2] In its brief to this court, defendant did not address this jurisdictional issue.

22-C-510                                    1

the September 27, 2022 judgment is interlocutory and subject to this court's supervisory jurisdiction because it "does not specify an express determination that there is no just reason for delay" and the trial court "designated the judgment as interlocutory on the judgment cover sheet."

Here, although the judgment at issue granted in part the motion for summary judgment and dismissed claimant's COVID-19 death benefit claim under the Act, it reserved to claimant an alternative theory of recovery as to this claim under the general occupational disease statute, La. R.S. 23:1031.1. The judgment also denied the motion as to claimant's right to pursue "all other conditions" alleged to be responsible for the death of Eric Bacon under the Act and/or the general occupational disease statute. Consequently, the judgment does not determine the merits of all of the claims pending in the case against defendant and thus, constitutes a partial judgment that is appealable only if authorized by La. C.C.P. art. 1915.

La. C.C.P. art. 1915 provides in pertinent part:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court **after an express determination that there is no just reason for delay**.

(2) **In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment** for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.   [Emphasis added.]

La. C.C.P. art. 1915 A designates specific categories of partial judgments as final judgments subject to immediate appeal without the necessity of any designation of finality by the court.  La. C.C.P. art. 1915 B provides that the trial court may designate a partial judgment, partial motion for summary judgment, or exception in part, as a final judgment after an express determination that there is no just reason for delay.

The September 27, 2022 judgment is not a final judgment for purposes of an immediate appeal under the provisions La. C.C.P. art. 1915 A(1), (2), (4), (5), & (6). Further, while the judgment does partially grant defendant's motion for summary judgment, the judgment constitutes a summary judgment granted pursuant to La. C.C.P. art. 966 E, which is specifically excluded as immediately appealable under La. C.C.P. art. 1915 A(3).[3]

Therefore, this court's appellate jurisdiction depends upon whether the judgment was properly designated as a final judgment pursuant to La. C.C.P. art. 1915 B.  In the current judgment, the trial court decided a theory of the case, specifically, that COVID-19 is not covered under the Act.  That finding did not determine the merits of claimant's COVID-19 death benefit claim under the general

---

[3] La. C.C.P. art. 966 E permits the granting of a motion for summary judgment "dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties."

occupational disease statute and the trial court denied defendant's summary judgment as to claimant's right to pursue "all other conditions" alleged to be responsible for the death of Eric Bacon under the Act and/or the general occupational disease statute. In order to be appealable, this interlocutory judgment must be "designated as a final judgment by the court after an express determination that there is no just reason for delay." La. C.C.P. art. 1915 B. Although the trial court designated the judgment as final in part, it did not expressly determine that there was no just reason for delay as required by La. C.C.P. art. 1915 B.

To assist the appellate court in its review of designated final judgments, the trial court should give explicit reasons, either oral or written, for its determination that there is no just reason for delay. R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La. 03/02/05), 894 So.2d 1113, 1122. If such reasons are given, the appellate court should review the certification by applying the abuse of discretion standard. Id. If no reasons are given but some justification is apparent from the record, the appellate court should make a *de novo* determination of whether the certification was proper. Id. An appellate court should evaluate whether the trial court properly certified a judgment as appealable by considering the relationship between the adjudicated and non-adjudicated claims; the possibility that the need for review may be mooted by further developments; the possibility that the trial court may reconsider the same issue; and various factors such as delay, economic and solvency considerations, shortening trial, frivolity of claims, and expense. Id.

Here, in granting in part the motion for summary judgment, the trial court held that COVID-19 is not covered under the Act, but reserved claimant's right to pursue a COVID-19 death benefit claim under the general occupational disease statute. Additionally, the judgment did not result in a dismissal of all Stacie's claims because it also denied the motion for summary judgment "as to all other conditions claimed to be responsible for the death of Eric Bacon." This judgment neither grants relief

22-C-510                                          4

nor terminates the ligation as to any party. Furthermore, this judgment would be rendered moot if the trier of fact ultimately determines that claimant's COVID-19 death benefit claim is covered under the general occupational disease statute. Therefore, we find that the trial court improperly certified the partial summary judgment as to claimant's COVID-19 claim under the Act as final for immediate appeal. Accordingly, we further find that the September 27, 2021 judgment granting in part defendant's motion for summary judgment is an interlocutory judgment that is properly before this court under its supervisory jurisdiction.

**PROCEDURAL HISTORY**

Claimant, Stacie Bacon, ("claimant" or "Stacie") individually and on behalf of her deceased husband, Eric Bacon ("Eric"), filed a disputed claim for compensation on October 7, 2021, against Jefferson Parish Fire Department. Claimant stated that Eric, a fireman, developed a lung condition which caused his death on December 29, 2020. She asserted that Eric's condition and death are covered by the Heart and Lung Act ("the Act"), and therefore, she is entitled to workers compensation death benefits.

In response, defendant filed a motion for summary judgment, alleging that Stacie's claims are not covered by La. R.S. 33:2581, the Heart and Lung Act. Defendant argued that it is undisputed that Eric died as a result of COVID-19, and this viral illness is not compensable under either the Act or the general occupational disease statute. Defendant contended that Stacie's disputed claim stated that Eric died of a "lung condition" but failed to reveal that this alleged lung condition was COVID-19. Defendant asserted that the trial court knows that COVID-19 "is a highly infectious and easily transmittable virus that triggered a global pandemic." Citing the Centers for Disease Control's website ("CDC's website"), defendant noted the number of cases globally and deaths, as well as the number of cases wherein the decedents were diagnosed with both COVID-19 and pneumonia.

Defendant stated that the legislative intent of the Act supports its motion for summary judgment. Specifically, defendant asserted that the Act provides firemen with the presumption that the disease or illness developed during employment and was caused by and/or resulted from the nature of the work performed. Defendant averred that for the Act to apply, the disease or illness must have some connexity to a fireman's work duties and work environment and "no legitimate argument can be made to suggest that Eric was at a higher risk of contracting COVID-19 compared to any other employee (or person for that matter) on the planet." Again citing to the CDC's website, defendant contended that COVID-19 is "an airborne and extremely contagious virus." Defendant claimed that "although researchers cannot state with certainty every conceivable way the virus can be contracted, their findings have revealed three main means of transmission." Defendant then explained each means of transmission.

Defendant averred that the presumption in the Act only applies if the disease or illness manifests after the first five years of employment. Defendant argued that "long-term exposure is at the core of the statute, and contracting one of the most highly contagious and transmissible viruses the world has ever seen clearly falls outside of the intended purpose" of the Act. Defendant maintained that COVID-19 is not the type of lung illness that falls within the protections of the Act because of the nature of COVID-19. Defendant argued that the other diagnoses listed on Eric's death certificate "are complications that contributed to his death," and that the death certificate listed "the immediate cause and final disease or condition resulting in death as 'COVID-19 initiated acute hypoxic respiratory failure.'" [Emphasis in original.].

Defendant also averred that claimant cannot and has not argued that COVID-19 is work-related. Defendant argued that "research and medical evidence has revealed that while it is next to impossible to know exactly how a person contracts

COVID-19, the most likely sources are family members and close friends." Defendant conceded that "close contact with co-workers can be another source of transmission," but a fireman is no more susceptible to contracting COVID-19 compared to any employee in any other profession. Defendant claimed that since claimant is either unwilling or unable to provide any support for this argument, the "more probable than not explanation" as to how Eric contracted COVID-19 is that he contracted it from his wife, Stacie, in their home. In support of this assertion, defendant referred to Stacie's deposition, wherein she admitted that she was symptomatic and tested positive three days prior to Eric testing positive. Stacie further conceded in her deposition that she did not know how Eric contracted COVID-19.

Defendant further argued that Stacie's claim is also not compensable under the general occupational disease statute, La. R.S. 23:1031.1. Defendant averred that under the general occupational disease statute, Stacie has the burden of proving that Eric's death was caused by an occupational disease "arising out of and in the course of his employment." Defendant asserted that because Stacie stated she does not know how Eric contracted COVID-19, she is unable to show that her claim is compensable under La. R.S. 23:1031.1.

In support of its motion, defendant cited to and relied on content from the CDC's website regarding COVID-19. Defendant also attached Stacie's disputed claim for compensation, Stacie's answers to interrogatories, Eric's death certificate, and excerpts from Stacie's deposition.

In opposition, Stacie contended that Eric's death certificate listed four causes of death: (a) COVID-19 initiated acute hypoxic respiratory failure; (b) pneumonia; (c) septic shock; (d) acute pulmonary embolism. She argued that three of the four causes of death are related to lung conditions. She asserted that because Eric was a fireman for more than five years, his death was presumably caused by his

employment pursuant to the Act. Stacie averred that defendant did not present any medical evidence regarding causation nor did defendant show that Eric did not contract his illness or illnesses from his employment as a fireman. She asserted that defendant improperly referred to the CDC's website to support its "assumptions and conclusions regarding the nature" of COVID-19 because the content on the website is not proper summary judgment evidence. Stacie argued that defendant did not submit sufficient evidence to rebut the strong presumption of causation under the Act. In support of her opposition, she submitted the First Report of Injury, wherein defendant stated that this is a Heart and Lung Act claim.

The trial court granted in part defendant's motion for summary judgment, holding that COVID-19 is not covered under La. R.S. 33:2581, the Heart and Lung Act, and dismissed with prejudice any claim of presumption of causation under La. R.S. 33:2581. However, the trial court found that "claimant is still permitted to pursuant a COVID-19 death benefit claim under the general occupational disease statute." Relator filed the instant writ application as to the trial court's rulings granting in part defendant's motion for summary judgment.

**DISCUSSION**

In this writ application, relator contends that the trial court erred in granting in part defendant's motion for summary judgment, holding that COVID-19 is not covered under the Act.

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. O'Krepki v. O'Krepki, 16-50, 16-51 (La. App. 5 Cir. 05/26/16), 193 So.3d 574, 577, writ denied, 16-1202 (La. 10/10/16), 207 So.3d 406. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of

proof rests with the mover. La. C.C.P. art. 966 D(1). However, if the mover will not bear the burden of proof at trial on the issue before the trial court on the motion for summary judgment, the mover is not required to negate all essential elements of the plaintiff's claim, but is only required to point out the absence of factual support for one or more elements essential to the plaintiff's claim. Id. The burden then shifts to the plaintiff to produce factual support sufficient to show the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id.

### *Objection to Exhibits*

In support of its motion for summary judgment and at the hearing, defendant referred to the CDC's website regarding information pertaining to COVID-19. In the memorandum in opposition and at the hearing, relator's counsel objected to defendant's reference to the CDC's website as improper summary judgment evidence. The trial court did not rule on relator's objection.

On *de novo* review, this court reviews whether evidence submitted in support of or in opposition to a motion for summary judgment is proper summary judgment evidence. La. C.C.P. art. 966 A(4) provides the exclusive list of documents which may be considered by the trial or reviewing courts:

> A. (4) The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions.

Thus, introduction of documents which are not included in this exclusive list, such as photographs, pictures, video images, or contracts, is not permitted unless they are properly authenticated by an affidavit or the deposition to which they are attached. Reed v. Landry, 21-589 (La. App. 5 Cir. 06/03/22), 343 So.3d 874, 881, *citing* Dye v. LLOG Exploration Company, LLC, 20-441 (La. App. 5 Cir. 11/03/21), 330 So.3d

1222, 1224. La. C.C.P. arts. 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence. Id.

Furthermore, La. C.C.P. art. 966 D(2) provides:

> (2) The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. **The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.** [Emphasis added.]

Relator raised an objection to the CDC's website information, correctly arguing that the website "is not competent evidence to support a Motion for Summary Judgment." The content relied on by defendant from the CDC's website was not verified or authenticated by an affidavit or deposition and therefore, it cannot be considered by this court or the trial court in determining whether defendant is entitled to summary judgment as a matter of law. Counsel for relator again objected at the hearing. The court did not state, as required by La. C.C.P. art. 966 D(2), which if any evidence had been excluded or not considered.

Upon *de novo* review, we agree with counsel for relator that reference to or use of any content contained on the CDC's website regarding COVID-19 is not proper summary judgment evidence. Accordingly, to the extent the trial court relied on the content from the CDC's website in granting in part the motion for summary judgment, we find the trial court erred.

### *Motion for summary judgment*

Relator contends that the trial court erred in granting in part summary judgment finding that "COVID-19 initiated acute hypoxic respiratory failure" was not covered under the Act. She asserts that the death certificate listed four causes of death and three of the four causes of death relate to lung conditions. Because he was a fireman with over five years of employment, claimant asserts that she showed that

Eric's death was presumably caused by his employment under the Act. Relator argues that defendant did not submit any medical evidence regarding causation other than the death certificate to support its assertion that "COVID-19 initiated acute hypoxic respiratory failure" is not covered under the Act. She asserts that defendant improperly relied on content from the CDC's website to support its argument. Therefore, relator claims the evidence submitted was insufficient to rebut the strong presumption of causation under the statute.

The Act, La. R.S. 33:2581 provides

> **Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment.** The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. **Such disease or infirmity shall be presumed, prima facie, to have developed during employment and** shall be presumed, prima facie, **to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment**. [Emphasis added.]

The Act creates a rebuttable presumption that the nature of a firefighter's work caused, contributed to, accelerated, or aggravated his heart or lungs condition if the condition manifested itself after the first five years of employment. Miley v. Bogalusa Fire Dept., 14-1113 (La. App. 1 Cir. 03/06/15), 166 So.3d 319, 322. Once a claimant establishes that a covered disease or infirmity is at issue, and the presumption applies, the burden shifts to the employer to prove that the disease or infirmity was not caused by the firefighter's employment. Id.

In this case, the following facts are undisputed. Eric was a fireman for more than five years and he died on December 29, 2020. Eric's death certificate listed four causes of death: (1) COVID-19 initiated acute hypoxic respiratory failure; (2) pneumonia; (3) septic shock; and (4) acute pulmonary embolism. Claimant filed a

disputed claim for compensation contending that Eric died from a lung condition covered under the Act.

Upon *de novo* review of the writ application, opposition, and exhibits attached thereto, we find the trial court erred in granting in part, defendant's motion for summary judgment finding that "COVID-19 initiated acute hypoxic respiratory failure" is not covered under the Act. Without any properly admissible summary judgment evidence or expert testimony, medical or otherwise, the trial court erroneously concluded that "COVID-19 initiated *acute hypoxic respiratory failure*" is not covered under the Act. The only medical evidence submitted was the death certificate, which is insufficient to conclude, without more, that "COVID-19 initiated *acute hypoxic respiratory failure,*" an infirmity involving the lungs, is not covered under the Act. Therefore, on *de novo* review, we find genuine issues of material fact exist as to whether "COVID-19 initiated *acute hypoxic respiratory failure*" is covered under the Act.

**DECREE**

For the reasons stated herein, this writ application is granted, the trial court's judgment granting in part defendant's motion for summary judgment is reversed, defendant's motion for summary judgment is denied, and this matter is remanded for further proceedings.

<u>**REVERSED; REMANDED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 19, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-C-510

**E-NOTIFIED**
OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
WILLIAM R. MUSTIAN, III (RELATOR)          MICHAEL F. NOLAN (RESPONDENT)

**MAILED**
NO ATTORNEYS WERE MAILED